UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD MUHAMMAD,

                                    Plaintiff,                    Case # 22-CV-6025-FPG

v.                                                                DECISION & ORDER

ANTHONY ANNUCCI, et al.,

                                    Defendants.

## INTRODUCTION

*Pro se* Plaintiff Ronald Muhammad brings this civil rights action against Defendants Anthony Annucci, Amy Titus, Nancy Fernandez, and David Debejian.  ECF No. 1. at 3; *see also* ECF No. 5 at 10.  Currently before the Court is Defendants' motion to dismiss for insufficient service of process pursuant to Federal Rules of Civil Procedure 4 and 12(b)(5).  ECF No. 27. Plaintiff opposes the motion.  ECF No. 29.  For the reasons set forth below, Defendants' motion is DENIED.

## BACKGROUND

### I.      The Amended Complaints

Plaintiff filed his complaint on January 18, 2022. ECF No. 1.  He then filed two amended complaints, the first (the "Amended Complaint") on January 24, 2022, ECF No. 4, and the second (the "Second Amended Complaint") on February 17, 2022, ECF No. 5.  On February 24, 2022, the Court issued an order stating that it construed the Second Amended Complaint as a motion for leave to amend.  ECF No. 7.  The Court granted leave to amend, stating that "[t]he [S]econd [A]mended [C]omplaint is now the operative complaint," and ordered the case to proceed to service.  *Id.*  Just over a month later, on April 5, 2022, Plaintiff filed a document purporting to be

a second amended complaint (the "April 2022 Complaint") against all defendants.  *See* ECF No. 10.

## II.      Plaintiffs' Attempts to Serve Defendants

On the same day he filed the Second Amended Complaint, Plaintiff moved for service by the United States Marshals Service ("USMS").  *See* ECF No. 6.  The Court denied the motion without prejudice, ECF No. 7, and Plaintiff renewed his motion on March 14, 2022, explaining that "regular [process] servers may not be able to access" the Defendants' secured facilities, ECF No. 8.  On March 30, 2022, the Court again denied Plaintiff's motion without prejudice and noted that, in addition to using a private process server, Plaintiff could "effectuate service by obtaining Defendants' acknowledgment waiving service of the summons" pursuant to Federal Rule of Civil Procedure 4(d).  ECF No. 9 at 3.

On May 9, 2022, Plaintiff renewed his motion for USMS service after attempting to secure Defendants' waiver. ECF Nos. 12-14.  But, because he signed his own name, address, and email address on the waiver form, rather than leaving them to be completed by Defendants, the Court concluded that he still had not shown "that he [could not] effectuate service by some other method or through waiver of service." ECF No. 15.  The Court stated that if Plaintiff were unable to secure Defendants' waiver, he could again renew his request.  *Id.*  Almost two months later, on July 6, 2022, Plaintiff filed a letter and copies of certified mail receipts indicating that Defendants had received the waiver of service forms.  ECF No. 16.  In his letter, he stated that Defendants had not "returned the actual signed summons back to [him]."  *Id.* at 1.

"[I]n light of the efforts Plaintiff [had] made" to effectuate service, the Court determined on July 21, 2022 that "personal service by the [USMS] is appropriate under the circumstances," and directed the USMS "to effectuate personal service of the four defendants in this action:

Anthony Annucci, Amy Titus, Nancy Fernandez, and David Debejian." *See* ECF No. 17.   On March 20, 2023, after nearly eight months passed with no further action, the Court directed Plaintiff to, within thirty days, file a status report "regarding the progress of this action and his efforts to serve Defendants."   ECF No. 18.   Just over a week later, Plaintiff filed a letter stating that he had recently obtained a money order to pay the fees for personal service by the USMS. ECF No. 19 at 1.  He further indicated that "it took so long . . . . because this was [an out-of-pocket] expense," and "it took [him] some time to save enough money."   *Id.*   The USMS then served all four defendants in April 2023.  *See* ECF Nos. 20-23.

According to Defendants, however, the USMS served a modified version of the April 2022 Complaint (the "Served Complaint").  *See* ECF No. 27-1; ECF No. 27-2 at 3, 4.   According to Defendants, the Served Complaint listed Amy Titus as a defendant while the April 2022 Complaint did not.  *Compare* ECF No. 27-1 at 4 *with* ECF No. 10 at 1.  Further, the Served Complaint stated that Plaintiff sought damages of "1.5 million dollars," while the April 2022 Complaint did not state the amount of damages sought.  *Compare* ECF No. 27-1 at 8 *with* ECF No. 10 at 5.  The additions that appear in the Served Complaint are consistent with the Second Amended Complaint, which specifically identifies Titus as a defendant, *see* ECF No. 5 at 2, and seeks "$1,000,000 in punitive damages," "$250,000 . . . in nominal damages," and "$250,000 . . . in speculative damages," for a total of $1,500,000 in damages, *see id.* at 9.  Plaintiff responds that he "submitted a copy of the operative complaint" to the USMS to give to each Defendant and "strictly followed the court's instructions [] in preparing the proof of service."  ECF No. 29 ¶ 3.

On June 23, 2023, Defendants moved to dismiss for insufficient service of process on the grounds that they received what they refer to as a "forged version of Plaintiff's third amended complaint."  ECF No. 27-2 at 4.

**LEGAL STANDARDS**

A motion under Federal Rule of Civil Procedure 12(b)(5) "is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Pajak v. N.Y. State Office of Temp. & Total Disability*, No. 16-CV-899-FPG, 2018 WL 4268915, at *2 (W.D.N.Y. Sept. 7, 2018). "In deciding a Rule 12(b)(5) motion, a court must look to Rule 4, which governs the content, issuance, and service of a summons." *Junior v. Erie Cnty. Med. Ctr.*, No. 18-CV-1014, 2018 WL 7246786, at *1 (W.D.N.Y. Nov. 29, 2018). Under Rule 4(c)(1), "[a] summons must be served with a copy of the complaint." Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." But the court "must extend the time for service for an appropriate period" if the plaintiff shows "good cause for the failure." *Id.*

Even in the absence of good cause, however, a district court has discretion to extend the time for service. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). In determining whether to exercise that discretion, courts look to "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

In considering a motion to dismiss pursuant to Rule 12(b)(5), the court must also look to matters outside the complaint to determine whether service was sufficient. *See Robinson v. City of Buffalo*, No. 16-CV-432, 2017 WL 2021528, at *3 (W.D.N.Y. May 12, 2017). "Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden

4

of establishing that service was adequate." *Id.* A plaintiff must, "through specific factual allegations and any supporting materials, make a prima facie showing that service was proper." *Mhina v. Citizens Bank, N.Y.*, No. 22-CV-427, 2022 WL 16572045, at *2 (N.D.N.Y. Nov. 1, 2022)

## DISCUSSION

Defendants argue that Plaintiff's complaint should be dismissed for insufficient service of process because Defendants were not served with the operative complaint, but what appears to be an altered version of Plaintiff's purported third amended complaint. *See* ECF No. 27-2 at 4. They further argue that the Court should not give Plaintiff another opportunity to serve Defendants because he cannot establish good cause for his delay in serving the operative complaint. *See id.* at 6. As explained below, while the Court agrees that service was insufficient under Rule 4(c)(1), it will exercise its discretion to give Plaintiff one final opportunity to properly serve Defendants.

### I.     Sufficiency of Service

Under Rule 4(c)(1), a summons "must be served with a copy of the complaint." "Although strict conformity with Rule 4's provisions is not required in every instance, actual receipt of both the summons and the complaint is a base requirement." *Barron v. Miami Exec. Towers Assocs. Ltd. P'ship*, 142 F.R.D. 394, 397 (S.D.N.Y. 1992) (citations omitted). Because Defendants have not received both the summons and the Second Amended Complaint, Plaintiff has not satisfied that requirement here.

The Second Amended Complaint is the operative complaint, and it has been since February 24, 2022. *See* ECF No. 7. Defendants have come forward with evidence that Plaintiff did not serve the Second Amended Complaint with the summonses. *See* ECF No. 27-1. Instead, they received an altered version of the April 2022 Complaint. *See id.* In response, Plaintiff merely asserts in an unsworn statement that he "submitted a copy of the operative complaint" to the

USMS.  ECF No. 29 ¶ 3.  However, this assertion is belied by the declaration of Defendants'
counsel and the attached exhibit, which establish both that Defendants did not receive a copy of
the Second Amended Complaint and that Defendants received a modified version of the April
2022 Complaint.  *See* ECF No. 27-1 ¶ 3, Ex. 1.  Plaintiff has therefore failed to carry his burden
of demonstrating, through specific factual allegations and any supporting materials, that service
was proper.  *See Mhina*, 2022 WL 16572045, at *2; *see also George v. N.Y. City Health & Hosps.
Corp.*, No. 09-CV-3833, 2012 WL 1072274, at *3 (E.D.N.Y. March 29, 2012) (dismissing
complaint for insufficient service of process where the court found that plaintiff did not serve
complaint on defendant as required by Rule 4(c)(1)).

    Because Plaintiff has failed to demonstrate that he served on Defendants a true and
accurate copy of the Second Amended Complaint as required under Rule 4(c)(1), he has failed to
establish that service of process was sufficient.

## II.    Extension of Time for Service

    Plaintiff's failure to establish that service was sufficient does not automatically warrant
dismissal.  Instead, the Court will consider whether it should extend Plaintiff's time to effect proper
service.   Defendant argues that good cause does not exist for Plaintiff's delay in serving
Defendants, and that the Court should therefore decline to afford Plaintiff another opportunity to
effect proper service.  *See* ECF No. 27-2 at 6-8.  They further argue that Plaintiff's delay is
prejudicial.  *See id.* at 8.  Plaintiff states that he is proceeding *pro se*, has no legal background, and
has complied with the Court's deadlines.  *See* ECF No. 29 ¶¶ 4, 12.  Although the Court agrees
with Defendants that Plaintiff has not demonstrated good cause for his failure, it will exercise its
discretion to grant Plaintiff one more opportunity to effect proper service of the summonses and
the operative complaint.

### a. Good Cause

Under Rule 4(m), if a plaintiff shows good cause for his failure to serve a defendant within 90 days after the complaint is filed, "the court must extend the time for service for an appropriate period." "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his] control." *Robinson*, 2017 WL 2021528, at *6 (internal quotation marks omitted). "The first and primary factor that courts consider in assessing good cause is the reason plaintiffs proffer for their failure." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016). "Inadvertence, mistake or neglect does not constitute good cause for an extension." *Id.* Likewise, "ignorance or confusion, even in the case of a *pro se* plaintiff, do not constitute good cause." *Id.*; *see also Ladner v. Proportional Count Assocs., Inc.*, No. 96-CV-2190, 2001 WL 1328443, at *2 (E.D.N.Y. Sept. 17, 2001) ("Courts have held that the fact that plaintiff is proceeding *pro se* does not excuse him from properly serving the defendants."). Further, an extension for good cause is not warranted where Plaintiff has not used "reasonable effort and diligence to rectify his deficient service." *DeLuca*, 695 F. Supp. 2d at 67 n.2.

Here, Plaintiff has not established good cause for his failure to properly effect service because, to the extent he acknowledges that failure, the only reason he offers to explain it is that he is proceeding *pro se* and does not have a legal background. *See* ECF No. 29 ¶ 4. Moreover, Plaintiff's failure is the result of his own conduct. After the Court granted Plaintiff's request for service by the USMS, Plaintiff provided an altered version of the April 2022 Complaint rather than the operative Second Amended Complaint. The Court therefore cannot conclude that Plaintiff's failure to serve process in a timely manner was the result of circumstances "beyond [his] control." *Robinson*, 2017 WL 2021528, at *6. Finally, Defendants' motion put Plaintiff on notice of having

served an altered version of the altered April 2022 Complaint, not the operative Second Amended Complaint. But in the nearly four months that Defendants' motion has been pending, Plaintiff has not "apprise[d] the Court of any subsequent attempt to serve" a copy of the Second Amended Complaint with the summonses. *DeLuca*, 695 F. Supp. 2d at 67 n.2. Plaintiff has therefore failed to establish good cause for his failure to properly serve Defendants for the purposes of Rule 4(m).

### b. Discretionary Extension

Nevertheless, even in the absence of good cause, the Court may exercise its discretion to extend Plaintiff's time to serve. In determining whether to exercise that discretion, the Court considers "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66. The Court considers each factor in turn.

The Court begins with the statute of limitations. Although dismissal under Rule 4(m) is "without prejudice," such a dismissal "may effectively be *with* prejudice if the applicable statute of limitations has expired." *Pajak*, 2018 WL 4268915, at *5 (internal quotation marks omitted). But, while a court may consider the "potential preclusive effect of the statute of limitations, that alone is insufficient to excuse a party's failure to effect timely service of process." *Id.* (internal quotation marks omitted).

Because Plaintiff brings his action under 42 U.S.C. § 1983, his claim is subject to a three-year statute of limitations. *See Shomo v. City of N.Y.*, 579 F.3d 176, 181 (2d Cir. 2009) (applicable statute of limitations for § 1983 action arising in New York State is three years); *Ayers v. Esgrow*, No. 12-CV-656, 2020 WL 3924493, at *10 (W.D.N.Y. June 12, 2020) (applying three-year statute

of limitations to § 1983 religious discrimination claim), *report and recommendation adopted*, 2020 WL 3892799 (July 10, 2020).   The three-year clock begins when a plaintiff's claim accrues, as determined under federal law, that is, when "the plaintiff knows or has reason to know of the injury which is the basis of [her] action."   *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). "[D]iscovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Gonzalez v. Wright*, 665 F. Supp. 2d 334, 349 (S.D.N.Y. 2009) (quoting *Rotella v. Wood*, 528 U.S. 549, 555 (2000)).   Under the "continuing violation doctrine," however, a plaintiff may bring a claim that would otherwise be time-barred provided that an act contributing to the violation took place within the statutory period.   *Purcell v. N.Y. Inst. of Tech. – Coll. Of Osteopathic Med.*, 931 F.3d 59, 65 (2d Cir. 2019).   But that doctrine "may only be predicated on continuing unlawful [wrongs] and not on the continuing effects of earlier [wrong]ful conduct."   *Corsini v. City of New York*, No. 20-CV-5459, 2021 WL 5999631, at *8 (E.D.N.Y. Dec. 20, 2021) (alteration in original) (quoting *Margrabe v. Sexter & Warmflash, P.C.*, No. 07-CV-2798, 2009 WL 361830, at *7 (S.D.N.Y. Feb. 11, 2019)).

As alleged in the Second Amended Complaint, Plaintiff's claims arise out of what appear to be discrete instances of allegedly discriminatory conduct dating back to at least as early as late 2019 and early 2020.   *See e.g.*, ECF No. 5 at 5-8, 13-15, 38-39.   For example, he alleges that Defendant Fernandez failed to respond to his November 2019 email raising concerns about alleged discrimination against him as a Nation of Islam chaplain.   *See* ECF No. 5 at 5, 13.   He further points to Defendant Fernandez' denial of his request for twenty-five copies of the Nation of Islam's Final Call newspaper in March 2020.   *See id.* at 5, 38-39.   He also states that Defendant Titus "falsely accused him" of failing to assist other staff members during a partial lockdown in February 2020.   *See id.* at 5, 14.   In a February 2020 email attached to the Second Amended Complaint, he

9

also states that he was "now experiencing retaliation actions from [Defendant Titus]." *Id.* at 15. Although Defendants assert that "the statute of limitations does not appear to have elapsed," ECF No. 31 at 2, they acknowledge that Plaintiff's claims in the Second Amended Complaint date back more than three years, to 2019, *see* ECF No. 27-2 at 8.  To the extent Plaintiff can state a claim for religious discrimination under § 1983, it appears that at least some of his claims accrued over three years ago and would therefore be time-barred if his complaint were dismissed. *See Pearl*, 296 F.3d at 80.  This factor therefore weighs in favor of granting Plaintiff an extension of time to serve Defendants.

Defendants also appear to have actual notice of Plaintiff's claims.  Defendants cite the operative Second Amended Complaint throughout their memorandum, and are aware of the defendants named in the operative complaint, the relief sought, and the timing of the allegedly discriminatory conduct.  *See* ECF No. 27-2 at 2, 4, 5, 8.  This factor therefore also weighs in favor of granting an extension.  *See Pajak*, 2018 WL 4268915, at *6.

There is no indication that Defendants attempted to conceal the defect in service.  After the Court granted an extension of time to answer or otherwise respond, ECF No. 25, Defendants timely moved to dismiss under Rules 4 and 12(b)(5), ECF No. 27.  This factor therefore does not weigh in favor of granting an extension.  *See Pajak*, 2018 WL 4268915, at *6.

Finally, Defendants assert that the delay is prejudicial because witnesses "may no longer be able to be located and their memories fade."  ECF No. 27-2 at 8.  But "where, as here, [the defendants] received actual notice and had the opportunity to address the merits of the action, prejudice is minimal." *Pajak*, 2018 WL 4268915, at *6 (quoting *Arch Ins. Co. v. Goldens Bridge Fire Dep't*, No. 16-CV-9921, 2018 WL 1725225, at *5 (S.D.N.Y. Apr. 6, 2018)).  At most, then, this factor weighs only slightly against granting an extension.

Plaintiff neglected to comply with Rule 4(c) when he failed to serve a copy of the operative complaint with the summonses, and has failed to offer a colorable excuse for doing so.  Although a plaintiff must ordinarily offer such an excuse to obtain a discretionary extension, *Pajak*, 2018 WL 4268915, at *6, the Second Circuit has stated that it would not be an abuse of discretion to grant an extension of time to serve where "the dismissal without prejudice in combination with the applicable statute of limitations would result in a dismissal *with* prejudice," as long as there are "sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Zapata*, 502 F.3d at 197 (italics in original).  The Court has done so, and while close, because some of Plaintiff's claims may be time-barred, Defendants appear to have actual notice of his claims against them, and any prejudice to Defendants would be minimal, the Court will exercise its discretion to extend the period for service one final time.

The Court will therefore extend Plaintiff's time to serve the summonses and the Second Amended Complaint on Defendants until November 20, 2023.  Further, in light of Plaintiff's prior efforts to secure Defendants' waiver of service, the Court will again permit Plaintiff to obtain personal service by the USMS, "provided that [he] pays the full service fee, in advance, by money order or certified check." *Flint v. Jun*, No. 19-CV-416, 2020 WL 8838041, at *1 (W.D.N.Y. June 3, 2020).

If Plaintiff fails to properly serve Defendants by November 20, 2023, his claims against them will be dismissed without prejudice pursuant to Rule 4(m).

### III.    The April 2022 Complaint

As explained above, Plaintiff filed a document purporting to be a second amended complaint on April 5, 2022.  In the April 2022 Complaint, Plaintiff appears to assert that he was disciplined in retaliation for filing a civil claim with the New York State Division of Human

Rights.  ECF No. 10 at 4-7.  The alleged retaliation took the form of a sixty-day suspension without pay.  *See id.* at 6.  The "Notice of Discipline" attached to the April 2022 Complaint is dated March 4, 2022, *see id.*,  just over two weeks after Plaintiff filed the operative Second Amended Complaint.

As the Court has previously noted, "a plaintiff is only entitled to amend his complaint once as of right."  ECF No. 7 at 1 (citing Fed. R. Civ. P 15(a)(1)).  Thereafter, a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under Local Rule of Civil Procedure 15(a), a party seeking leave to amend to file his proposed amendments as an exhibit to his motion.  Further, "[t]he proposed amended pleading must be a complete pleading superseding the original pleading in all respects" and "[n]o portion of the prior pleading shall be incorporated into the proposed amended pleading by reference."  Loc. R. Civ. P. 15(a).  In other words, the amended complaint must stand alone as the only complaint which Defendants must answer.

If Plaintiff wishes to amend his complaint, he must either filed a third amended complaint with Defendants' written consent or move for leave to amend *after* he has properly served each Defendant with a summons and a copy of the operative complaint, that is, the Second Amended Complaint, ECF No. 5.

## CONCLUSION

 Defendants' Motion to Dismiss, ECF No. 27, is DENIED.  Plaintiff must serve each Defendant with a summons and a copy of the Second Amended Complaint, ECF No. 5, no later than November 20, 2023.

Pursuant to Rule 4(c)(3), the US Marshals Service is directed to effectuate personal service of the Defendants in this action: Anthony Annucci, Amy Titus, Nancy Fernandez, and David

Debejian.  Plaintiff may obtain personal service by the US Marshals Service by following the written instructions, which the Court will send with a copy of this Decision and Order as "Attachment 1."

If Plaintiff fails to effect proper service by November 20, 2023, the Second Amended Complaint, ECF No. 5, will be dismissed without prejudice pursuant to Rule 4(m).

IT IS SO ORDERED.

Dated: October 19, 2023
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York