UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD MUHAMMAD,

                                             Plaintiff,                    Case # 22-CV-6025-FPG

v.

                                                                          DECISION AND ORDER

ANTHONY ANNUCCI, et al.,

                                             Defendants.
_____

*Pro se* Plaintiff Ronald Muhammad brings this civil rights action against Defendants Anthony Annucci, Amy Titus, Nancy Fernandez, and David Debejian. ECF No. 1 at 3; *see also* ECF No. 5 at 10. Defendants have filed a motion to dismiss which is currently pending. *See* ECF Nos. 45–48. After filing a response to Defendants' motion to dismiss, ECF No. 47, Plaintiff filed a motion for summary judgment. ECF No. 49. As explained below, Plaintiff's motion is premature and is therefore DENIED WITHOUT PREJUDICE to refiling upon the completion of discovery should his claims survive Defendants' pending motion to dismiss.

While the Federal Rules of Civil Procedure permit a party to move for summary judgment "at any time," Fed. R. Civ. P. 56(b), no party should be "unjustly deprived of [its] ability to meet [its] burden of production" at summary judgment. *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). Instead, the nonmoving party is entitled to "an opportunity to discover information that is essential to [its] opposition" to the summary judgment motion. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). Accordingly, "courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete." *Toussie v. Allstate Insurance Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016); *see also Kaiser v. Fairfield Properties*, No. 20-CV-5399, 2022 WL 17412405, at *8–9 (E.D.N.Y. Feb. 11, 2022) (recommending denial of plaintiff's motion for summary judgment as

1

premature where no discovery had occurred and defendants had filed a motion to dismiss under Rule 12(b)(6)).

Here, Plaintiff's motion is premature because discovery has not yet begun and Defendants' motion to dismiss remains pending. Defendants have not submitted their answers to Plaintiff's second amended complaint and discovery "has not even commenced." ECF No. 50 ¶ 3. Accordingly, because Defendants—the nonmoving parties—have not yet had the opportunity to conduct any discovery and because their motion to dismiss under Rule 12(b)(6) remains pending, Plaintiff's motion for summary judgment is premature and must be denied. *See Trebor Sportswear*, 865 F.2d at 511; *Toussie*, 213 F. Supp. 3d at 445; *Kaiser*, 2022 WL 17412405, at *8–9.

Moreover, the Court notes that Plaintiff has failed to comply with the Local Rules of Civil Procedure. Although Plaintiff, as a *pro se* litigant, should be "granted special leniency regarding procedural matters," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F. 3d 206, 209 (2d Cir. 2001), he must nevertheless comply with the Local Rules. Loc. R. Civ. P. 5.2(i) ("All *pro se* litigants shall become familiar with, follow, and comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure"). Here, Plaintiff has not filed a notice of motion as required by Local Rule of Civil Procedure 7(a)(1). Nor has he complied with Local Rule 56(a)(1), which requires a party moving for summary judgment to annex to his notice of motion "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Loc. R. Civ. P. 56(a)(1). Should Plaintiff refile his motion for summary judgment, he must comply with these requirements.

Because Plaintiff's Motion for Summary Judgment, ECF No. 49, is premature, that motion is DENIED WITHOUT PREJUDICE to refiling upon the close of discovery should any of his claims survive Defendants' pending motion to dismiss.

IT IS SO ORDERED.

Dated: March 5, 2024
       Rochester, New York

                                       HON. FRANK P. GERACI, JR.
                                       United States District Judge
                                       Western District of New York