UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Ronald Muhammad,**

      Plaintiff,

v.   22-cv-6025-FPG-MJP

**Anthony Annucci, et al.,**

      Defendants.

DECISION and ORDER

Plaintiff Ronald Muhammad moves to amend his complaint and, as the Court construes it, to opt out of mediation. For the following reasons, his motions are **DENIED.** Separately, Defendant Annucci moves, by letter motion, for an extension of time to select an ADR neutral and to opt out of ADR. Those motions, too, are **DENIED.**

*First*, the Court denies Muhammad's motion to amend. While it appears that Muhammad may have good cause for bringing his motion to amend after the deadline to do so, he "must attach an unsigned copy of the proposed amended pleading as an exhibit to" his motion to amend. Loc. R. Civ. P. 15(a).

The Court also notes that "[t]he proposed amended pleading must be a complete pleading superseding the original pleading in all respects." *Id.* The proposed amended pleading must "state" the party's "claims or defenses in numbered paragraphs each limited as far as

1

practicable, to a single set of circumstances." Fed. R. Civ. P. 10(b); *see also see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must have "facial plausibility," and achieves this when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Failure to follow these instructions will result in the Court denying a new motion to amend from Muhammad.

Here, Muhammad has not attached a proposed amended complaint to his motion. The Court accordingly denies his motion without prejudice. The Court makes no comment on the merits of Muhammad's motion to amend, noting that it is denying the motion on procedural grounds.

*Second*, Defendants request more time to select a mediator. (Letter, ECF No. 82.) The Court takes this letter to mean that the parties have not settled on a mediator. (*Id.* ("I am communicating with Plaintiff regarding the possibility to refer the matter to ADR and to select a mediator. I would respectfully request the Court to extend the deadline until October 30, 2024, for the parties to confer and select a mediator[.]").) Because the parties failed to choose a mediator by the applicable deadline, (Scheduling Order ¶ 1(a), ECF No. 66), the Court directs the District's ADR Coordinator to pick a random, Rochester-based, member of

2

the Court's mediation panel. Thus, the Court **DENIES** Defendants' request for an extension.

*Next*, the Court turns to Muhammad's request to opt out of mediation. (ECF No. 83.) The Court **DENIES** this request. The Court does not agree that Muhammad's "urgent matters would be gratuitously delayed and remain unresolved by mediation." (*Id.*) As the Court's operative scheduling order states: "The referral of this case to mediation will not delay or defer other dates contained in this scheduling order and has no effect on the progress of the case towards trial." (Scheduling Order ¶ 1(d), ECF No. 66.) Moreover, Judge Geraci set a briefing schedule for Muhammad's pending motion for injunctive-style relief that extends into December 2024. (ECF No. 81.) And Muhammad points to no reason—other than his say-so—that mediation would delay his case. This is not the good cause needed to opt out of mediation. *See* ADR Plan § 2.2(C) ("Opting Out Motions shall be granted only for 'good cause' shown. Inconvenience, travel costs, attorney fees, or other costs shall not constitute 'good cause.'").

*Finally*, both parties missed the deadline for opting out of mediation. (*Id.* ¶ 1(b) ("The parties shall file any motions to opt out of the ADR process within 14 days of the issuance of this scheduling order.").) The parties have not shown good cause to extend the time for opting out of mediation. That is, they have not shown why they could not have

3

reasonably met the deadline in the Court's operative scheduling order for picking a moving to opt out of mediation. This is an independent reason to deny Muhammad's request to opt out of mediation. (ECF No. 83.) For the same reason, the Court **DENIES** Defendants' request for an extension of the deadline to opt out of mediation. (ECF No. 82.)

## CONCLUSION

The Court directs the parties to proceed to mediation and participate in the mediation process in good faith. Failure to do so may result in sanctions for failing to obey this pretrial order or this Court's ADR Plan. Fed. R. Civ. P. 16(f); *Romanac v. Town of Cheektowaga, New York*, No. 17-CV-334S, 2021 WL 3721133, at *1 (W.D.N.Y. Aug. 23, 2021) ("This alternative resolution is to be engaged in good faith by the parties; if not, the party is subject to sanction."); *see also* ADR Plan §§ 2.3(A)–(C).

For the reasons stated, Muhammad's motion to amend, (ECF No. 80), is **DENIED**. Muhammad may bring a new motion to amend. Muhammad's requested to opt out of ADR is likewise **DENIED**.

[Remainder of page intentionally blank.]

Additionally, Defendants' request for an extension of time to pick an ADR neutral is **DENIED.** The Court's ADR Coordinator is directed to pick a random mediator based in the Rochester, New York, area. Finally, Defendants' request for an extension of the deadline to opt out of ADR is **DENIED.**

**SO ORDERED.**

Dated: October 24, 2024
Rochester, NY

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge