**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

———— . ————————
                    )

RONALD MUHAMMAD,       )
                    )

       Plaintiff,     )
                    )       **Case No: 22-CV-6025-FPG-MJP**

       vs.        )
                    )       USMJ Mark Pedersen

ANTHONY ANNUCCI, et al,   )
                    )

       Defendant(s).  )
————————————————  )

## MOTION TO AMEND SECOND COMPLAINT TO ADD CLAIM FOR RETALIATORY DISCRIMINATION

COMES NOW, Plaintiff RONALD MUHAMMAD, in and for himself *Pro Se*, now moves this honorable court pursuant to Rule 15(a)(2) of the Fed. R. of Civ. Procedure and the court's DECISION and ORDER, filed October 24, 2024, Doc. #84, for an order granting leave to amend his Second Complaint, Doc. #9, to add a claim for employment retaliation acts in violation of 42 U.S.C. § 2000e, et seq. ("Title VII of the Civil Rights Act of 1964"), *as amended*, and the New York State Human Rights Law ("NYSHRL"), § 290-297 and Executive Law § 296(7).

Rule 15(a)(2) provides, "the court should freely give leave when justice so requires." Id. The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis, 371 U.S. 178, 182 (1962)*. Ultimately it is "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994) (citing Foman, 371 U.S. at 178)*.

The courts generally consider whether "the moving party has unduly delayed or

acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." These factors do not exist here. In support thereof, MUHAMMAD thus sayeth the following:

(1)    The Defendants egregiously suspended him from duty <u>without pay</u> and moved to <u>terminate his employment</u> in bad faith, in order to unlawfully prevent him from participating in this court's discovery process, to obstruct and subvert this court's judicial process and dissuade him from prosecuting his legitimate claims before this court.

(2)    MUHAMMAD was recently served a NOTICE OF DISCIPLINE ("NOD") by the Defendant(s) dated October 15, 2024. Pursuant to the Defendant's NOD, MUHAMMAD was *suspended from employment without pay* and the Defendants are now seeking the *penalty of termination*. See attached Defendant's NOD and attachment.

(3)    The Defendant's NOD alleges the following misconduct, which states the following:

**"DISMISSAL FROM SERVICE AND LOSS OF ANY ACCRUED ANNUAL LEAVE"**

"The reason for this discipline is misconduct as follows:

1. On October 4, 2024, at approximately 4:00 p.m., while assigned to Five Points Correctional Facility you were found to have introduced and/or possessed contraband on facility grounds in violation of DOCCS Employees' Manual §2.2, §2.16, §2.23, §2.30, and/or DOCCS Directive #4936, Search of DOCCS Employees, Attachment A, Staff Allowable Items. Specifically, Lieutenants Jeffrey Rorick and John Wade retrieved approximately 267 unapproved copies of the "Final Call" newsletter that belong to you from desk drawers and filing cabinets in the Chaplain

area.

2. On or sometime prior to October 4, 2024, while assigned to Five Points Correctional Facility you failed to follow proper protocol in violation of DOCCS Employees' Manual §2.2, §2.16, §2.23, §2.30, and/or DOCCS Directive #4936, Search of DOCCS Employees, Attachment A, Staff Allowable Items. Specifically, you failed to apply for gates passes and complete Form 3084, Record of Donations - Volunteer Services for 267 copies of the "Final Call" newsletter."

3. On October 11, 2024, at approximately 8:45 a.m., while on duty at Five Points Correctional Facility you failed to exercise respectful communication in the workplace, in violation of DOCCS Employees' Manual §2.2, §2.23, and §2.7. Specifically, when Officer Donna Kobbe advised you that she was going to conduct a frisk search you became defiant and stated in sum or substance that "as an employee I am not subject to frisk searches."

4. On October 11, 2024, at approximately 8:45 a.m., while on duty at Five Points Correctional Facility you were found to introduce and or possess contraband on facility grounds in violation of DOCCS Employees' Manual §2.2, §2.16, §2.23, §2.30, and/or DOCCS Directive #4936, Search of OOCCS Employees, Attachment A, Staff Allowable Items. Specifically, when Officer Donna Kobbe conducted a frisk search of your person you were found to be in possession of 2 unapproved copies of the "Final Call" newsletter.

5. On October 11, 2024, at approximately 8:45 a.m., while on duty at Five Points Correctional Facility you failed to follow proper protocol in violation of DOCCS Employees' Manual §2.2, §2.16, §2.23, §2.30, and/or DOCCS Directive #4936, Search of OOCCS Employees, Attachment A, Staff Allowable Items. Specifically, you failed to apply for gates passes and complete Form 3084, Record of Donations - Volunteer Services for 2 copies of the "Final Call" newsletter."

(4)     Here, the Defendant's contrived baseless disciplinary charges against

MUHAMMAD are undeniably analogous to his claims before this court and currently

in the discovery process.

(5)    The Defendant's illicit retaliation is clearly intended to unlawfully discourage him and other state employee witnesses from testifying in this proceeding in his lawful pursuit of judicial remedies. It violates his civil rights under 42 U.S.C. § 2000e, et seq. ("Title VII of the Civil Rights Act of 1964"), *as amended*, and the New York State Human Rights Law ("NYSHRL"), § 290-297 and Executive Law § 296(7).

(6)    Their unambiguous timing of administrative charges during this court's discovery process is consistent with their long history of ongoing pattern and practice of abject employment discrimination.

(7)    The Defendant's unbridled abject misconduct conduct to suspend him without pay and seek termination of his employment upon charges currently before this court, *standing alone*, may be deemed *substantial credible evidence* of their animus and intent to "dissuade a reasonable worker" from supporting this discrimination cause of action. *Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006); NYS Division of Human Rights v. St. Elizabeth's Hospital (1991)*.

(8)    The overt *causal connection* between the Defendant's gratuitous administrative charges and his *protected activity* in acquiring production of records and admissions during this court's discovery process, is an obstruction of justice offense by unduly influencing, impeding, and interfering with the judicial administration of this court. 18 U.S.C. § 1503 and § 1512, *Fischer v. United States, (broadly to cover coercive behavior that obstructs the administration of justice.); United States v. Saget, (The court held that the omnibus clause of § 1503 should be interpreted broadly to include any conduct that interferes with the fair administration of justice.)*

(9)    The court's order granting leave to amend my prior second amended complaint to include the instant retaliation claim will not unduly delay this proceeding, is not done in bad faith or with dilatory motive, will not prejudice the Defendants, this cause emerged proximate to this pleading, it is directly related to the instant action, it is a sound and substantial that is likely to prevail upon which relief will likely be granted. *Foman v. Davis, 371 U.S. 178 (1962); Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997).*

DATED: October 30, 2024

## CONCLUSION

WHEREFORE, upon the forgoing plea, MUHAMMAD respectfully moves this honorable court for an order granting leave to amend his second complaint, filed under Doc. #9, to add a Title VII claim for unlawful employment retaliation, upon the attached THIRD AMENDED COMPLAINT to be adjudged by the court.  Thank you.

Respectfully submitted,

FOR THE PLAINTIFF
RONALD MUHAMMAD:

By: *Ronald Muhmmad*

RONALD MUHAMMAD, Chaplin
817 Post Avenue
Rochester, New York 14619
Phone: (315) 575-627–0775
Email: ronald_muhammad@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October 2024, did cause a true and correct copy of the foregoing MOTION TO AMEND THE THIRD COMPLAINT TO ADD CLAIM FOR RETALIATORY DISCRIMINATION and THIRD AMENDED COMPLAINT attached hereto, to be filed with the Clerk of the Court and did furnish a true copy to the Defendant's counsel of record as named below by electronic mail:

By: *Ronald Muhmmad*

RONALD MUHAMMAD, Chaplin


Letitia James
ATTORNEY GENERAL
Muditha Halliyadde
ASSISTANT ATTORNEY GENERAL
New York Office of the Attorney General
Rochester Regional Office
144 Exchange Boulevard, Suite 200
Rochester, NY 14614
Phone: (585) 327-3216
Email: muditha.halliyadde@ag.ny.gov

**Counsel for ANTHONY ANNUCCI, et al,**

Revised 05/01 WDNY

**CERTIFCATE OF SERVICE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Ronald Muhammad ,

Plaintiff(s),

v.

Anthony Annucci et al

Defendant(s).

CERTIFICATE OF SERVICE

22 -CV- 6025

I, (print your name) Ronald Muhammad , served a copy of the attached papers
(state the name of your papers) Motion To Amend Second Complaint

upon all other parties in this case
by mailing [          ] by hand-delivering [10 | 30 | 24] (check the method you used)
these documents to the following persons (list the names and addresses of the people you served) Amy Cook
David Debejian
Nancy Fernandez

on (date service was made) 10 /30 /24

I declare under penalty of perjury that the foregoing is true and correct, to the best of my
knowledge, information and belief.

Executed on 10/30/24
(date)

(your signature)