
New York State
**PUBLIC EMPLOYEES FEDERATION, AFL-CIO**

1168-70 Troy-Schenectady Road
P.O. Box 12414
Albany, New York 12212-2414

(518) 785-1900 ext. 241 | (800) 342-4306 ext. 241

Office of General Counsel

Edward J. Greene, Jr.
*General Counsel*

John D. Svare
*Deputy General Counsel*

Alison M. Thorne
*Assistant General Counsel*

October 25, 2024

22-CV-6025

**VIA E-MAIL ONLY (jaysiegel@optonline.net)**

Arbitrator Jay Siegel

Re: *DOCCS (Five Points C.F.) v. Muhammad, Ronald*
Our File No. 11746-DA

Dear Arbitrator Siegel:

On behalf of Chaplain Ronald Muhammad, I submit this position statement for your consideration. For the following reasons, the suspension without pay fails to meet the contractual standard and Mr. Muhammad should be restored to the payroll with all pay, leave credits, and benefits. I have enclosed copies of Chaplain Muhammad's Notice of Discipline dated October 15, 2024, and Notice of Suspension dated October 11, 2024.

A valid suspension without pay requires a determination that "there is probable cause that such employee's continued presence on the job represents a potential danger to persons or property or would severely interfere with operations." CBA Art. 33.4(a)(1). Here, the allegations against Chaplain Muhammad truly fail to meet this contractual standard. Arbitrators have consistently held that the contractual standard imposes a "heavy burden" which scrupulously limits the employer from suspending an employee pending arbitration and that suspension without pay should only be employed in the rarest of cases. *PEF and State of New York (OCFS)*, (Day, 2011) ("I agree with Arbitrator Denenberg that to impose suspension without pay, the State must meet a 'heavy burden.'"), citing, *PEF and State of New York (OMRDD)*, (Denenberg, 1997) ("... the word 'severely' was inserted ... [to] ensure that the burden would be higher than it was under previous contracts. The change emphasizes that an employee normally continues to work during the pendency of a termination, even though the penalty ultimately may be sustained.")

Immediate suspension "... was intended only for situations in which there is a genuine likelihood of harm to clients, property, or the functioning of the agency if the employee remained on the job." (Denenberg 1997); see also, *PEF and State of New York (DOCCS – Mid-State C.F.)*, (Hyland 2017) (Establishing probable cause requires "some articulation of an immediate impact of [an employee's] continued employment during the grievance and arbitration process.").

Here there is insufficient evidence that Chaplain Muhammad's continued presence on the job represents a potential danger to persons or property.

The Department of Corrections and Community Supervision has failed to support this retaliatory suspension with any allegations showing that Chaplain Muhammad's continued presence on the job "represents a potential danger to persons or property or would severely interfere with operations." The allegations are essentially that he had several copies of religious literature in his vehicle when he arrived at work, had other copies of religious literature in his work area, and that there was a non-violent, non-threatening dispute of search authority over Chaplain Muhammed which occurred outside the view of any inmates. The specifics sited sound of nothing more than an employee

Arbitrator Jay Siegel
October 25, 2024
Page 2

being frustrated and confused by his employer and his employer being oversensitive to the tone and manner of an employee's speech, rather than an incident raising red flags about safety.

Even taken at face value, the allegations that Chaplain Muhammad is a danger to others or property and any claim otherwise seems outrageous. The "contraband" in question is religious material for inmate use- this is not a tradeable commodity by any stretch of reasonableness, nor is religious material inherently dangerous, or even reasonably dangerous. He is not accused of any physical violence whatsoever, nor any behavior that presents an immediate need to expel his from his job. He did not threaten anyone, destroy property, or take any aggressive physical OR verbal action and certainly none is alleged.

Further, there is no evidence that Chaplain Muhammad's continued presence on the job would severely interfere with operations. In fact, there are no allegations that Chaplain Muhammad's conduct is even known to other employees or to inmates as the allegations all concern conduct outside the general population and certainly if that had been true, it would have been alleged. The worst they say about Chaplain Muhammed is that his conduct is "unprofessional." This is woefully short and deficient to support what appears to be retaliatory action against Chaplain Muhammed. Nonetheless at no time is it even asserted that Chaplain Muhammed raised his voice, physically threatened or uttered any threatening words to voice his dissent to what he felt was unauthorized invasion of his person. The search took place anyway and there are no allegations that he raised any force against the same. This appears to be a matter of personality conflicts over religious material, not that Chaplain Muhammed has interfered with operations or interfered with the Department's ability to safeguard its employees.

Unfortunately, this is just the latest set of baseless accusations by DOCCS. Given the complete lack of probable cause to suspend, the allegations appear retaliatory.

It is respectfully submitted that the suspension of Chaplain Muhammad was therefore without probable cause to find he was a danger to persons or property, nor that his presence would severely interfere with operations.

Based on the foregoing, the contractual standard for a suspension without pay has not been met, and Chaplain Muhammad be restored to the payroll with all pay, leave credits, and benefits restored.

Very truly yours,

EDWARD J. GREENE, JR., ESQ.

By: *Jenifer M. Wharton*
Jenifer M. Wharton, of Counsel

JMW/scm
Attachments
cc: Chaplain Ronald Muhammed
John D. Svare (w/ atts.; via e-mail)
Alison M. Thorne (w/ atts.; via e-mail)
Dave Snyder (w/ atts.; via e-mail)
Matthew Bloomingdale (w/ atts.; via e-mail)
John Burrows (w/ atts.; via e-mail)
Herman Reinhold (w/ atts.; via e-mail)
Amy Petragnani (w/ atts.; via e-mail)
Richard Ahl (w/ atts.; via e-mail)

STATE OF NEW YORK PROFESSIONAL,
SCIENTIFIC AND TECHNICAL SERVICES UNIT

PUBLIC EMPLOYEES FEDERATION

-and-

STATE OF NEW YORK
(DOCCS – Five Points CF)

PROBABLE CAUSE
SUSPENSION
DETERMINATION

Grievant: Ronald Muhammad – 10/15/24 Notice of Discipline

BEFORE:     Jay M. Siegel, Esq.
            Arbitrator

APPEARANCES:

For the Grievant:   Jenifer M. Wharton, Esq., Associate Counsel, PEF
For the State:      Matthew Bloomingdale – Director, DOCCS Bureau of Labor Relations

    Article 33.4(a)(1) of the parties' Collective Bargaining Agreement provides that the appointing authority may "suspend an employee when there is probable cause that such employee's continued presence on the job represents a potential danger to persons or property or would severely interfere with operations."

    Pursuant to the June 6, 2023 Memorandum of Agreement (MOA) between the parties, the undersigned Select Arbitrator was asked to review the instant case to determine whether there was probable cause to suspend Grievant without pay pursuant to Article 33.4(a)(1) of the parties' Collective Bargaining Agreement.

    Paragraph 2 of the 2023 MOA states that for purposes of this review, the Arbitrator shall accept as true the contents of the NOD and shall limit his review to the reasons the suspension does or does not meet the contractual standard. Paragraph 4 of the MOA permits the parties to submit written arguments to the Arbitrator, which both parties have done.

    After carefully considering the Notice of Discipline and the arguments of the parties, the Select Arbitrator hereby determines that probable cause for suspension has not been met. Grievant shall be restored to the payroll or have leave credits restored, as the case may be, retroactive to the date of suspension.

Dated: October 29, 2024
Cold Spring, New York

*Jay M. Siegel*
Jay M. Siegel, Esq.
Select Arbitrator

Revised 05/01 WDNY

# CERTIFCATE OF SERVICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_Ronald Muhammad_,

Plaintiff(s),

v.

_Annucci, et al_,

Defendant(s).

CERTIFICATE OF SERVICE

22-CV-6025

I, (print your name) _Ronald Muhammad_, served a copy of the attached papers (state the name of your papers) _Suspension Order_

upon all other parties in this case by mailing [ N/A/N/A ] by hand-delivering [ 11/7/24 ] (check the method you used) these documents to the following persons (list the names and addresses of the people you served)

_Amy Cook_
_David Debejian_
_Nancy Fernandez_

on (date service was made) _11/7/24_

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Executed on _11/7/24_
(date)

_____
(your signature)