UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD MUHAMMAD,
                Plaintiff,

vs                              **MEMORANDUM OF LAW**

                                           22-CV-6025

ANTHONY ANNUCCI, et. al.,
                Defendants.
_____

### INTRIDUCTION

      Plaintiff commenced this action by filing a complaint on January 18, 2022. Docket No. 1. On January 24, 2022, Plaintiff filed his first amended complaint. Docket No. 4. On February 17, 2022, Plaintiff filed a second amended complaint ("SAC", "operative complaint"). Docket No. 5. In its Order dated February 24, 2022, the Court construed Plaintiff's second amended complaint as the operative complaint. Docket No. 7.

      In his SAC, Plaintiff, who works as a chaplain at Five Points Correctional Facility ("Five Points"), alleges that he was subjected to "unlawful religious discrimination" because Defendants refused to allow Final Call newspapers ("Final Call") bring into the Five Points and that Defendants refused to allow Plaintiff to distribute Final call to incarcerated individuals at Five Points. *See* SAC, at page 4-6.

      On December 20, 2023, Defendants moved to dismiss the operative complaint. Docket No. 45. In its Order dated July 29, 2024, the Court denied all claims against Annucci, and the Court only allowed Plaintiff's Equal Protection claims against Titus, Fernandez and Debejian to proceed. Docket No. 52.

      On October 21, 2024, Plaintiff filed a motion to amend his second amended complaint, alleging retaliation claims against Defendants, however, Plaintiff failed to file a

1

proposed amended complaint with his motion. Docket No. 80.

Plaintiff supplemented his motion to amend the second amended complaint with a proposed amended complaint on November 5, 2024. *See* Docket Nos. 90, 91.

On November 26, 2024, the Court convened a conference to discuss Plaintiff's motion to amend. Docket No. 94, 97. During the conference the Court pointed out that Plaintiff dropped his Equal Protection claim in his proposed amended complaint (Docket No. 87) and that Judge Geraci had permitted these claims to move forward and therefore, Plaintiff should include all claims and relevant facts in any proposed amended complaint. Docket No. 103, at p 4. Plaintiff withdrew his motion to amend the complaint in Docket No 87.

On the same day, immediately after the conference, Plaintiff filed another motion to amend his second amended complaint and included a proposed third amended complaint in which he named the New York State Department of Corrections and Community Supervision ("DOCCS") as the only defendant. Docket No. 96.

## LEGAL STANDARD

A district judge reviewing a magistrate judge's order on a non-dispositive matter must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *Weeks Stevedoring Co. v. Raymond Int'l Builders, Inc.*, 174 F.R.D. 301, 303 (S.D.N.Y. 1997) (District court may reverse magistrate judge's decision on non-dispositive matter only if found to be clearly erroneous or contrary to law.). Thus, even if there are two permissible views, the reviewing court should not overturn the magistrate judge's decision solely because it would have chosen the other view. *Id.; Westefer v. Snyder*, 472 F. Supp. 2d 1034, 1037 (S.D. Ill. 2006) (When ruling on discovery matters,

magistrate judge "is operating in a zone of very broad discretion."); *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (Party filing objections bears burden of demonstrating that magistrate judge's decision was clearly erroneous or contrary to law.).

## ARGUMENT
## I
## THERE IS NO CLEAR ERROR IN MAGISTRATE JUDGE'S DECISION

The clear error standard is deferential and "the magistrate judge's findings should be adopted even if a reviewing court could have decided the issue differently." *See Ferguson v. Walker*, No. 00 Civ. 1356, 2002 U.S. Dist. LEXIS 18864, at *4 (S.D.N.Y. Oct. 7, 2002). Only if the report is facially erroneous and is not supported by the record and the law should it be rejected. *See Fundex Capital Corp. v. Rochelle*, No. 05 Civ. 2972, 2006 U.S. Dist. LEXIS 38340, at *3-4 (S.D.N.Y. June 8, 2006). "When determining that a report and recommendation is clearly erroneous, a district court should have a 'definite and firm conviction that a mistake has been committed.'" *Ferguson*, 2002 U.S. Dist. LEXIS 18864, at *4.

As there was no clear error in the Report's proposed dismissal of Plaintiff's several of claims, Magistrate Judge Pedersen's recommendation should be adopted. Magistrate Judge Pedersen notes in the Report, "…. *During that conference, I pointed out that Muhammad had dropped his Equal Protection claim in his then-pending motion to amend. (Mot. to Am., ECF No. 87.) Yet Judge Geraci had permitted this claim to go forward. (D&O at 16, ECF No. 52 ('Accordingly, the Court finds that [Muhammad] has plausibly alleged that Defend-ants' restriction of [his] Nation of Islam materials violates his Equal Protection rights and denies the motion to dismiss as to those claims.' (alterations added)).) So, I informed Muhammad that he should include all claims and relevant facts in any proposed*

*amended pleading. Based on my guidance, Muhammad withdrew his motion to amend, (ECF No. 87), as memorialized in a text order. (ECF No. 97.) Muhammad expressed his desire to continue with his Equal Protection claim and stated "he would refile his motion to amend" based on the points I raised. (Id.) Based on this factual record, Muhammad was on notice that his refiled proposed third amended complaint needed to include all claims he would like to have in this litigation. Indeed, Muhammad's Equal Protection claim again appears in his proposed third amended complaint. (Pro-posed 3d Am. Compl. ¶¶ 51–71, ECF No. 96.) Moreover, Muhammad's Equal Protection claim does not refer to any individual by name. As stated, I conclude that Muhammad would like to proceed only against DOCCS.*" Docket No. 103 at pp 4, 5.

Here, Plaintiff's filed third amended complaint naming DOCCS as the sole defendant and failed to assert facts or name any individual defendant. Plaintiff was given sufficient instructions by the Magistrate Judge during the conference held on November 26, 2024, still Plaintiff chose to name DOCCS as the sole defendant in his proposed third amended complaint. *See* Docket No. 96. Magistrate Judge based his decision on the filed complaint and therefore the decision was not erroneous, thus should be adopted in its entirety.

**II**
**PLAINTIFF'S ATTEMPTS TO ADD DANIEL MARTUSCELLO III AND CHRISTINA HILL AS DEFENDANTS IN THEIR OFFICIAL CAPACITY SHOULD FAIL UNDER ELEVENTH AMENDMENT.**

In his opposition to Magistrate Judge's Report and Recommendation, Plaintiff attempts to add retaliation claims against Commissioner Daniel Martuscello III and Deputy Superintendent Christina Hill as defendants <u>in their official capacities</u>. Docket No. 104, at pp. 5, 10. However, any purported retaliation claims against Daniel Martuscello

4

and Christina Hill in their official capacity should fail because claims against Martuscello, and Hill in their official capacity are barred by the Eleventh Amendment. Plaintiffs cannot state a section 1983 or state-law claim against New York State officials in their official capacity for damages.

The Eleventh Amendment to the United States Constitution deprives a court of jurisdiction over these claims. "[T]he Eleventh Amendment means that, 'as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity,' or unless Congress has 'abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment.'" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 235 (2d Cir. 2006)); *Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002)* (Eleventh Amendment bars claims against New York, NYDOCCS's predecessor, correctional facility, and official-capacity claims for damages against state officials, citing *Graham*). The Eleventh Amendment serves as a jurisdictional bar. *See Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d Cir. 1990). New York has not waived its Eleventh Amendment immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), and in enacting 42 U.S.C. § 1983, Congress did not abrogate a state's Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 338-39 (1979). Further, Eleventh Amendment immunity "extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods*, 466 F.3d at 236 (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Accordingly, the Court does not have subject matter jurisdiction over Plaintiff's

official capacity claims under section 1983 and state-law against Danielle Martuscello, and Christina Hill. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996).

## III
## ALL CLAIMS UNDER SECTION 1983 AND THE NYSHRL BARRED BY THE ELEVENTH AMENDMENT.

In his opposition to Magistrate Judge's Report and Recommendation Plaintiff attempts to bring 1983 retaliation claim and NYSHRL claim, and such claims are barred by the Eleventh Amendment.

Under clearly established law, the Eleventh Amendment provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F.Supp.3d 214, 219-20 (NDNY 2014) (citation omitted). "It is well-established that New York has not consented to §1983 suits in federal court and that §1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 Fed. Appx. 191, 192 (2d Cir. 2010) (internal citations omitted). A claim for money damages under §1983 against a state official in his or her official capacity "is in effect a claim against the governmental entity itself." *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (citing *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)). Thus, the Eleventh Amendment bars official-capacity suits for

6

money damages against New York State and its officials in their official capacities. See *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Plaintiff's state law claims against DOCCS are likewise barred. The Eleventh Amendment protects states against suit in federal court for violations of state law unless the state consents to be sued. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121, (1984) (see, e.g., *Cajuste v. Lechworth Developmental Disabilities Service*, 2005 U.S. Dist. LEXIS 82 at *8 – 9 (SDNY 2005) (collecting cases) ("New York has not consented to suit in federal court through the Human Rights Law."). Because the Eleventh Amendment bars Plaintiff's purported retaliation claims against DOCCS, all such claims are futile.

To the extend Plaintiff intends to assert retaliation claims against individual Defendants, Plaintiff's purported state law claims against the individual Defendants in their official capacities are likewise barred. The Eleventh Amendment protects states against suit in federal court for violations of state law unless the state consents to be sued. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121, (1984) (see, e.g., *Cajuste v. Lechworth Developmental Disabilities Service*, 2005 U.S. Dist. LEXIS 82 at *8 – 9 (SDNY 2005) (collecting cases) ("New York has not consented to suit in federal court through the Human Rights Law.").

**IV**
**THE MAGISTRATE JUDGE ALLOWED CLAIMS UNDER TITLE VII BE PROCEEDED AGAINST DOCCS.**

In his opposition to Magistrate Judge's Report and Recommendation, Plaintiff demands that the Court grant permission to proceed with his employment retaliation claim under Title VII. However, Magistrate Judge's Report and Recommendation allows

7

Plaintiff's Title VII claim to proceed against DOCCS. Docket No. 103.

However, in the event this Court grants Plaintiff's Title VII claims proceed against DOCCS, upon service of pleadings, DOCCS reserves the right to respond to Plaintiff's third amended complaint because Plaintiff apparently failed to exhaust administrative remedies.

Title VII requires an individual seeking to file suit to first present the claims forming the basis of such suit in a complaint to the EEOC or the NYSDHR. *See Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (per curiam) (citing 42 U.S.C. § 2000e-5) (Title VII exhaustion requirement). He or she may assert in federal court "only those claims that either were included in or are 'reasonably related to' the allegations contained in her EEOC charge." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 83 (2d Cir. 2001). In particular, "claims that introduce a 'wholly different type of discrimination' from that in the administrative charge are typically deemed to be not reasonably related." *Young v. U.S. Dep't of Homeland Sec.*, No. 10 Civ. 9571, 2011 U.S. Dist. LEXIS 141008, at *8-9 (S.D.N.Y. Dec. 5, 2011) (quoting *Gutierrez v. City of N.Y.,* 756 F. Supp. 2d 491, 499 (S.D.N.Y. 2010).

Plaintiff's alleged retaliation claim apparently is based on a Notice Discipline issued on October 15, 2024. The Equal Employment Opportunity Commission ("EEOC") has exclusive control over the discrimination claim. A Title VII claim can only be brought in court after a timely filing with the Equal Employment Opportunity Commission ("EEOC") and after receiving a right-to-sue letter. 42 USC 2000e-5(e); *Canty v. Wackenhut Corrections Corp.*, 255 F. Supp.2d 113 (EDNY 2003). In the Second Circuit, obtaining a right-to-sue letter is a precondition to bringing a Title VII claim. *Canty*, 55 F. Supp.2d 113

(EDNY 2003). In that case, the district court dismissed plaintiffs Title VII claims because plaintiff failed to allege in her complaint that she obtained the right-to-sue letter.

In this case, Plaintiff does not have a right-to sue letter at the time he filed the third amended complaint, Docket No. 96. Therefore, even if Plaintiff's alleged Title VII claims proceed against DOCCS, upon service of pleadings, DOCCS reserves the right to respond.

### V
### PLAINTIFF WAS ALREADY PROVIDED A PRO SE LENIENCY BY THE MAGISTRATE JUDGE.

Plaintiff already filed number of amended complaints. Given his pro-se status, during the conference held on November 26, 2024, Magistrate Judge clearly advised Plaintiff that he should add claims and facts to any amended complaints that he intends to file. *See* Docket No.103 at pp. 4, 5. Plaintiff, an educated individual employed by DOCCS as a Chaplain, has a sufficient awareness of the facts and claims at the time he filed the third amended complaint on November 26, 2024. Docket No. 96. Plaintiff was on notice that he should add all facts, claims and parties to any of his amended complaints, still decided to name DOCCS as the only defendant. Permitting Plaintiff to retain their special status as pro se (despite Magistrate Judge's clear instructions) would tilt the scales of justice unfairly in favor of the pro se litigant and against his opponents.

Next, Plaintiff should be given no leniency as a pro se plaintiff at this stage of the litigation because further amending the third amended complaint to add Daniel Martuscello and Christina Hill as defendants in their official capacity will be futile, the Court should not grant leave to amend.

9

## VI
## ALLOWING PLAINTIFF TO AMEND THE THIRD AMENDED COMPLAINT AT THIS STAGE BY THE DISTRICT JUDGE WOULD PREJUDICE THE DEFENDANTS.

Although Defendants initially did not opposed Plaintiff motion filed on November 26, 2024, DOCCS reserved the right to answer or otherwise respond to any operative complaint. *See* Docket No. 100. Defendants' response at that time was based on the filed proposed third amended complaint on November 26, 2024. Now Plaintiff is trying to add additional defendants <u>in their official capacities</u> with perhaps additional claims would greatly prejudice Defendants. Therefore, Defendant request that Plaintiff's attempts to add additional defendants in their official capacities and any additional claims should be dismissed.

## CONCLUSION

For the forgoing reasons, Defendants respectfully request the Court to adopt Magistrate Judge's Report and Recommendation in its entirety. However, DOCCS, upon service of pleadings, reserves the right to answer or otherwise respond to the remaining claims in the operative complaint.

Date: February 24, 2025
      Rochester, New York

                        LETITIA JAMES
                        Attorney General of the State of New York
                        Attorney for Defendants

                        s/*Muditha Halliyadde*
                        Muditha Halliyadde
                        Assistant Attorney General, of Counsel
                        NYS Office of the Attorney General
                        144 Exchange Boulevard, Suite 200
                        Rochester, New York 14614
                        Telephone: (585) 546 7430
                        Muditha.Halliyadde@ag.ny.gov

**CERTIFICATE OF SERVICE BY MAIL**

I certify that on February 24, 2025, I electronically filed the foregoing Memorandum of Law in opposition on behalf of Defendants with the Clerk of the District Court using CM/ECF system.

N/A

And, I hereby certify that I have also mailed, by the United States Postal Service, the document to the following non-CM/ECF participant(s):

> Ronald Muhammad
> 817 Post Avenue
> Rochester, NY 14619
> PRO SE

> LETITIA JAMES
> Attorney General of the State of New York
> *Attorney for Defendants*
>
> s/*Muditha Halliyadde*
> Muditha Halliyadde
> Assistant Attorney General, of Counsel
> NYS Office of the Attorney General
> 144 Exchange Boulevard, Suite 200
> Rochester, New York 14614
> Telephone: (585) 546-7430
> Muditha.Halliyadde@ag.ny.gov