UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD MUHAMMAD,

    Plaintiff,

v.

ANTHONY ANNUCCI, et al.,

    Defendants.

22-CV-6025-MAV-MJP
ORDER

---

## INTRODUCTION

On January 18, 2025, United States Magistrate Judge Mark W. Pedersen, to whom this case is referred pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), ECF No. 58, issued a Report and Recommendation ("R&R"), ECF No. 103, addressing Plaintiff's motion for leave to file a third amended complaint on November 26, 2024, ECF No. 96 (the "motion to amend"). The proposed third amended complaint pleads two causes of action against the New York State Department of Corrections and Community Supervision ("NYDOCCS")—first, a 42 U.S.C. § 1983 claim for violations of Plaintiff's rights to equal protection; and second, an "Employment Retaliation [claim] [u]nder Title VII of the Civil Rights Act of 1964 and [the New York State Human Rights Law] NYSHRL." ECF No. 96-1 at 8, 13.

Judge Pederson issued a decision and order granting Plaintiff's motion to amend with respect to the Title VII claim against NYDOCCS embedded in the second pleaded "cause of action." ECF No. 103 at 15. In the R&R, Judge Pedersen recommends that the district court deny with prejudice Plaintiff's proposed first cause

of action (the section 1983 claim for equal protection violations) and the NYSHRL claim within the second pleaded cause of action. Plaintiff filed timely objections to the R&R, ECF No. 104, the current Defendants filed a response, ECF No. 109, and Plaintiff filed a reply on March 3, 2025, ECF No. 110. The case was transferred to the undersigned on February 11, 2025. ECF No. 108.

After review, the Court accepts and adopts the R&R's recommended denial of Plaintiff's proposed amendments to sue NYDOCCS under 42 U.S.C. § 1983 and the NYSHRL. Plaintiff's motion to amend, ECF No. 96, is therefore denied with prejudice as to those claims. As Judge Pedersen already ordered, Plaintiff's Title VII claim against NYDOCCS may proceed.

## BACKGROUND

The Court assumes the reader's familiarity with the facts and history of this case and briefly recites the following. Plaintiff filed this action on January 18, 2022, and filed his first amended complaint on January 24, 2022. ECF Nos. 1, 4. He filed his second amended complaint on February 17, 2022, in which he alleges that Defendants Annucci, Titus, Fernandez, and Debejian subjected him to "unlawful religious discrimination" by refusing to allow a certain religious publication into the Five Points Correctional Facility, where Plaintiff was working as a chaplain, and refusing to allow the publication to be circulated to incarcerated individuals. ECF No. 5. On December 20, 2023, Defendants moved to dismiss the second amended complaint. ECF No. 45. United States District Judge Frank P. Geraci, Jr., dismissed all claims against Defendant Annucci, and permitted only Plaintiff's equal protection

claims against Defendants Titus, Fernandez, and Debejian to proceed. ECF No. 52 (order dated July 29, 2024).

On October 21, 2024, Plaintiff moved to amend his second amended complaint, alleging retaliation claims against Defendants. ECF No. 80. Judge Pedersen denied that motion because Plaintiff did not file a proposed amended complaint with his motion. ECF No. 84. After the Plaintiff filed another motion to amend on October 30, 2024, Judge Pedersen held a conference with the parties to discuss the claims in the case and the rules pertaining to motions to amend pleadings. *See* ECF Nos. 87, 88, 97, 98. This conference is discussed further below, but for example, Judge Pedersen highlighted that the equal protection claims against Defendants Titus, Fenandez, and Debejian were allowed to proceed and therefore, Plaintiff should include such claims in any motion to amend if he wished to maintain them because an amended complaint is meant to supersede all prior pleadings. At the conference, Plaintiff said he would withdraw his then-current motion to amend, ECF No. 87, and refile it. The refiled motion to amend, ECF No. 96, is the subject of the instant challenged R&R.

## STANDARDS OF REVIEW

I.   **Review of Reports and Recommendations**

Because Judge Pedersen is recommending that a portion of Plaintiff's motion to amend be denied on futility grounds, the Court reviews those determinations under a *de novo* standard of review. *See Briggs v. Cnty. of Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016) (collecting cases contemplating the denial of a motion to amend based on futility as a dispositive decision).

To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *United States v. Hunt*, 440 F. Supp. 3d 221, 224 (W.D.N.Y. 2020) (quotation omitted); *see Briggs*, 215 F. Supp. 3d at 215; Loc. R. Civ. P. 72(b) ("Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identity the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority.").

If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report and recommendation only for clear error. *Blackhawk v. Hughes*, No. 9:20-CV-0241(LEK/TWD), 2021 WL 752838, at *1 (N.D.N.Y. Feb. 26, 2021). A district court "may accept, reject, or modify the recommended disposition [in the R&R]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

"Moreover, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Hunt*, 440 F. Supp. 3d at 224 (quotation omitted).

II. **Motions to Amend**

A decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party may amend its pleading after responsive pleadings have been filed "only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors for a court to consider when deciding whether to grant leave to amend are undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of the amendment. *See Forman*, 371 at 178.

If a proposed amendment adds a claim and party over which the Court lacks subject matter jurisdiction, the amendment would be futile. *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y. 2003); *see Gross v. Intratek Computer Inc.*, No. 22-CV-7440(GRB)(AYS), 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023) ("[L]eave to amend would be futile given that there is no basis to invoke this Court's subject matter jurisdiction. Accordingly, leave to amend the complaint is denied."). Although the court is obligated to draw the most favorable inferences that a proposed amended complaint supports, it cannot invent factual allegations that the plaintiff has not pleaded. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

Plaintiff makes the following objections to Judge Pedersen's R&R. Plaintiff contends that the R&R errs in concluding that he intended to name only NYDOCCS

5

as a defendant in his proposed third amended complaint and argues that he did not intend to bring a section 1983 claim, but rather an "employment discrimination" and "retaliation" claim, which, he asserts, has legal merit. *See* ECF No. 104 at 1–2, 5, 10–12. His objection sets forth how he would propose correcting these alleged misunderstandings, by "[d]eleting 42 U.S.C. § 1983, as amended, under the jurisdiction and venue section," changing the caption to list "Daniel Martuscello III, et al. sued in their official capacity" as "Defendants," and specifying "in his narrative that Christina Hill . . . is a defendant party under 'et al.'" *Id.* at 5.[1]

Plaintiff also argues that the R&R improperly invoked subject matter jurisdiction at this "advanced stage of the proceeding" and when Defendants did not object to his motion to amend, and he substantively objects to the R&R's determination that the proposed NYSHRL claim against NYDOCCS is barred by Eleventh Amendment immunity. *Id.* at 4–5. Plaintiff also raises generally that *pro se* filings should be addressed with leniency, that leave to amend should be freely granted, and that the harmless error doctrine supports granting his motion while allowing him to subsequently correct deficiencies. ECF No. 6, 8–10. Plaintiff's objections are overruled.

I.  **Defendants Pleaded in Proposed Third Amended Complaint**

At the outset, the Court agrees with the R&R that the only reasonable way to construe Plaintiff's proposed third amended complaint is to find that Plaintiff

---

[1] Capitalization and emphasis omitted from quoted language in Plaintiff's proposed third amended complaint.

intended to name only NYDOCCS as a defendant. Plaintiff has made numerous attempts to amend his pleadings in this case. The R&R recounts how Judge Pedersen held a conference to specifically discuss with Plaintiff the claims in his case and that a proposed amended pleading should not incorporate prior pleadings or claims by reference and instead needs to serve as a complete replacement for the operative pleading. ECF No. 103 at 4–5. This district's Local Rules of Civil Procedure specifically provide that when a movant is seeking to amend a pleading or join a party, "[t]he proposed amended pleading must be a complete pleading superseding the [operative] pleading in all respects." Loc. R. Civ. P. 15(a). Plaintiff's proposed third amended complaint specifically acknowledges that "[t]his complaint shall supplant all previous complaints." ECF No. 96-1 at 1. Plaintiff's prior pleadings included individually named defendants, but there are no allegations in the proposed third amended complaint pertaining to any defendant other than NYDOCCS itself, and "Defendants" is defined by Plaintiff as "DOCCS" only.

Plaintiff's attempts to clarify whom he intended to sue in his objection to the R&R and in his reply do not suffice. Judicial review of a plaintiff's motion to amend his complaint must necessarily be tied to the actual proposed amended pleading filed as an exhibit to such motion—not a hypothetical or promised version of the pleading yet to properly be before the Court. *Sanders v. Cnty. of Niagara*, No. 21-CV-6585-MAV-MJP, 2025 WL 611153, at *4 (W.D.N.Y. Feb. 26, 2025) ("[T]he Court agrees with the magistrate judge that it is inappropriate to consider Plaintiff's briefing on his motion, whether in the initial papers or in his reply, as part of the universe of

7

factual allegations 'pleaded' in support of amendment."); *see* Loc. R. Civ. P. 15(c) (explaining that when a motion to amend is granted, the party must file and serve *the* amended pleading within fourteen (14) days); *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 252 (2d Cir. 2017) (affirming denial of motion to amend on futility grounds because plaintiff simply argued that amendment would "correct any defects identified by the Court" without providing any specific facts on how the deficiencies would be cured). *See generally, e.g., Bronx Household of Faith v. Bd. of Educ. of City of New York*, 492 F.3d 89, 121 (2d Cir. 2007) (discussing the doctrine of ripeness); *Chavis*, 618 F.3d at 170 (the Court "cannot invent factual allegations that the plaintiff has not pleaded").

Plainly, NYDOCCS is the only defendant pleaded in the proposed third amended complaint.

## II. Subject Matter Jurisdiction: Eleventh Amendment Immunity

The Court first notes that Judge Pedersen permitted the proposed amended Title VII claim against NYDOCCS to proceed, which is not part of the R&R. ECF No. 103 at 14–15. The R&R recommends that leave to amend to include an equal protection claim under section 1983[2] and an NYSHRL claim against NYDOCCS be denied as futile. After *de novo* review, the Court agrees.

Contrary to Plaintiff's argument that the Court's *sua sponte* invocation of subject matter jurisdiction was improper and untimely, "the lack of subject matter

---

[2] To the extent that Plaintiff does not intend to pursue an equal protection claim under 42 U.S.C. § 1983 against NYDOCCS, his challenges to the R&R's denial of leave to add such a claim is moot.

8

jurisdiction may be raised at any time, by the parties, or by the court *sua sponte*." *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action."); *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (same). Neither a "lenient" treatment of *pro se* filings nor the general rule that leave to amend shall be freely granted abrogates the Court's responsibility to ensure that it has subject matter jurisdiction over matters before it. *See Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). Additionally, Plaintiff's attempt to rely on the harmless error doctrine is inapposite with respect to the issues he challenges in the R&R in his civil case.

The Court agrees with the R&R that the Eleventh Amendment bars Plaintiff's claims against NYDOCCS under section 1983 and the NYSHRL. The Court clarifies that, with NYDOCCS as the only named defendant on such claims, Eleventh Amendment immunity bars not only Plaintiff's requested monetary relief, but his request for "a declaration that the unlawful acts and practices of Defendants were in violation of the laws of the United States of America and the State of New York." ECF No. 96-1 at 16. Accordingly, the Court finds that the entire proposed section 1983 claim and the NYSHRL claim against NYDOCCS are denied as futile.

It is well established that the Eleventh Amendment does not permit suit under section § 1983 for money damages against NYDOCCS or state officials in their official capacities. *See Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993); *Cox v. (DOCCS) NYS Dep't of Corr.*, 673 F. Supp. 3d 174, 184 (N.D.N.Y. 2023). Despite Plaintiff's argument to the contrary, the same holds true for suits under the NYSHRL for money damages against NYDOCCS or state officials in their official capacities. *See Allessi v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F. Supp. 3d 21, 225–26 (W.D.N.Y. 2014); *Cajuste v. Lechworth Developmental Disabilities Serv.*, No. 03 CIV. 0161 (RCC), 2005 WL 22863, at *3 (S.D.N.Y. Jan. 5, 2005) ("The Eleventh Amendment also protects states against suit in federal court for violations of state law. . . . New York has not consented to suit in federal court through the Human Rights Law." (citation omitted and collecting cases)).

The Eleventh Amendment also bars declaratory relief when such relief seeks acknowledgment that a defendant's past policy or practice violated plaintiff's rights. *See Inside Connect, Inc. v. Fischer*, No. 13-CV-1138 CS, 2014 WL 2933221, at *7 (S.D.N.Y. June 30, 2014); *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000) (Eleventh Amendment bars declaratory relief when law has been amended and only relief available is a declaration that state's past conduct violated federal law); *King v. Cuomo*, No. 08–CV–6058, 2011 WL 13944, at *7 (S.D.N.Y. Jan. 4, 2011) (same). Here, Plaintiff's proposed third amended complaint plainly seeks a declaration only that past actions of NYDOCCS violated his rights under federal and state law.

Because all of the relief sought by Plaintiff with respect to his proposed section 1983 claim and his NYSHRL claim against NYDOCCS is barred by Eleventh Amendment immunity, the Court accepts the R&R's recommended disposition that these proposed claims be denied with prejudice as futile for lack of subject matter jurisdiction.

Lastly, on the face of the record, the Court finds no clear error in the remainder of the R&R. *See Blackhawk*, 2021 WL 752838, at *1.

## CONCLUSION

For the forgoing reasons, the Court accepts and adopts Judge Pedersen's recommended disposition as to Plaintiff's proposed amendments to sue NYDOCCS under section 1983 for alleged equal protection violations and under the NYSHRL. *See* ECF No. 103. Plaintiff's motion to amend, ECF No. 96, is thus denied with prejudice in those respects and is otherwise granted per Judge Pedersen's decision and order, ECF No. 103 at 14–15. Plaintiff's objections to the R&R are overruled. The case remains referred to Magistrate Judge Pedersen. *See* ECF No. 58.

Plaintiff is on notice that, at this stage of the proceedings, his only active claim is a Title VII claim against NYDOCCS itself. Loc. R. Civ. P. 15(a) ("The proposed amended pleading must be a complete pleading superseding the [operative] pleading in all respects."); ECF No. 103 at 14–15 (Judge Pedersen's decision and order permitting the Title VII claim in the proposed third amended complaint to proceed). Because Plaintiff did not include his formerly pleaded section 1983 claims for alleged violations of his rights to equal protection against Defendants Titus, Fernandez, and

Debejian in his proposed third amended complaint—despite Judge Pedersen's advisement during the October 30, 2024 conference—those claims have been superseded by what is now Plaintiff's Third Amended Complaint. *See* Loc. R. Civ. P. 15(a) ECF No. 52 (order dated July 29, 2024, allowing such claims raised in Plaintiff's Second Amended Complaint to proceed).

The Court, at the R&R's recommendation, is denying with prejudice, Plaintiff's ability to sue <u>NYDOCCS</u> under section 1983 for alleged equal protection violations and under the NYSHRL. If Plaintiff wishes to pursue formerly pleaded claims, or any others, he is advised that another motion to amend, to completely replace what is now his third amended complaint, would be required.

SO ORDERED.

Dated: June 6, 2025
Rochester, New York

_____
HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE