UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD MUHAMMAD,

                       Plaintiff,

      vs                                            DECLARATION
                                                     22-CV-6025

ANTHONY ANNUCCI, et. al.,

                       Defendants.
_____

    **Muditha Halliyadde**, pursuant to 28 U.S.C. §1746, declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I represent the defendant, the New York State Department of Corrections and Community Supervision ("Defendant" "DOCCS"), in the above-referenced matter. I make this declaration in support of Defendant's motion to dismiss (the "Motion").

2. Defendant submits the Notice of Discipline ("NOD") dated October 15, 2024, issued to Plaintiff as Exhibit A, and incorporated the same by reference. This NOD was served upon the DOCCS as Exhibit A to Plaintiff's Complaint. This NOD was also filed by Plaintiff on November 5, 2024, *see* Docket No. 90, at pp 19-21.

3. Defendant submits the Arbitrator's decision as Exhibit B, *see* Docket No. 91, at p. 3, filed by Plaintiff on November 7, 2024, and incorporate the same by reference. The Arbitrator's decision was served upon the DOCCS as Exhibit B to Plaintiff's Complaint.

4. Defendant submits the New York State Human Rights Commission and Determination and Order After Investigation issued by the New York State Division of Human Rights

on dated June 17, 2021, related to Case No. 10211125 hereto as Exhibit C and incorporated the same by reference. *See also*, Docket No. 5, at p. 19.

5. Defendant submits the Equal Employment Opportunity Commission's ("EEOC") Fair Employment Practices Agencies and Dual Filing process hereto as Exhibit D and incorporate the same by reference. Defendant also submits the web address of the same and respectfully requests the Court to take judicial notice of the EEOC document at: https://www.eeoc.gov/fair-employment-practices-agencies-fepas-and-dual-filing.

6. Defendant submits a declaration by Patrick Domery, Esq., confirming the documents served upon the DOCCS and in support of Defendant's Motion to Dismiss.

7. For the reasons set forth in the accompanying memorandum of law, Defendant respectfully requests that Defendant's Motion to Dismiss be granted.

Dated: July 23, 2025
      Rochester, New York

                              LETITIA JAMES
                              Attorney General for the State of New York
                              *Attorney for Defendants*

                              s/*Muditha Halliyadde*
                              Muditha Halliyadde
                              Assistant Attorney General, of Counsel
                              NYS Office of the Attorney General
                              144 Exchange Boulevard, Suite 200
                              Rochester, New York 14614
                              Telephone: (585) 546-7430
                              Muditha.Halliyadde@ag.ny.gov

## CERTIFICATE OF SERVICE

I certify that on July 23, 2025, I electronically filed the foregoing Declaration on behalf of the State Defendants with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. N/A

And, I hereby certify that I have mailed, by the United States Postal Service, a copy of the document to the following non-CM/ECF participant(s):

1. Ronald Muhammad
   817 Post Avenue
   Rochester, New York 14619

        LETITIA JAMES
        Attorney General for the State of New York
        *Attorney for Defendants*

        s/*Muditha Halliyadde*
        Muditha Halliyadde
        Assistant Attorney General, of Counsel
        NYS Office of the Attorney General
        144 Exchange Boulevard, Suite 200
        Rochester, New York 14614
        Telephone: (585) 546-7430
        Muditha.Halliyadde@ag.ny.gov

# Exhibit A

NEW YORK STATE

**Department of Corrections and Community Supervision**

KATHY HOCHUL
Governor

DANIEL F. MARTUSCELLO III
Commissioner

## NOTICE OF DISCIPLINE

**TO:**     Ronald Muhammad, Chaplain
           Five Points Correctional Facility

**DATE:**   October 15, 2024

In accordance with the Disciplinary Procedure, Article 33 of the Agreement between the State of New York and the Public Employees Federation for the Professional, Scientific and Technical Services Unit, you are hereby informed that we shall implement the following:

### DISMISSAL FROM SERVICE AND LOSS OF ANY ACCRUED ANNUAL LEAVE

The reason for this discipline is misconduct as follows:

1. On October 4, 2024, at approximately 4:00 p.m., while assigned to Five Points Correctional Facility you were found to have introduced and/or possessed contraband on facility grounds in violation of DOCCS Employees' Manual §2.2, §2.16, §2.23, §2.30, and/or DOCCS Directive #4936, *Search of DOCCS Employees, Attachment A, Staff Allowable Items*. Specifically, Lieutenants Jeffrey Rorick and John Wade retrieved approximately 267 unapproved copies of the "Final Call" newsletter that belong to you from desk drawers and filing cabinets in the Chaplain area.

2. On or sometime prior to October 4, 2024, while assigned to Five Points Correctional Facility you failed to follow proper protocol in violation of DOCCS Employees' Manual §2.2, §2.16, §2.23, §2.30, and/or DOCCS Directive #4936, *Search of DOCCS Employees, Attachment A, Staff Allowable Items*. Specifically, you failed to apply for gates passes and complete Form 3084, *Record of Donations – Volunteer Services* for 267 copies of the "Final Call" newsletter."

3. On October 11, 2024, at approximately 8:45 a.m., while on duty at Five Points Correctional Facility you failed to exercise respectful communication in the workplace, in violation of DOCCS Employees' Manual §2.2, §2.23, and §2.7. Specifically, when Officer Donna Kobbe advised you that she was going to conduct a frisk search you became defiant and stated in sum or substance that "as an employee I am not subject to frisk searches."

The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050 | (518) 457-8126 | www.doccs.ny.gov

**Notice Of Discipline**                                                    **Page 2**
**Ronald Muhammad, Chaplain**
**Five Points Correctional Facility**                                   **October 15, 2024**

4. On October 11, 2024, at approximately 8:45 a.m., while on duty at Five Points Correctional Facility you were found to introduce and or possess contraband on facility grounds in violation of DOCCS Employees' Manual §2.2, §2.16, §2.23, §2.30, and/or DOCCS Directive #4936, *Search of DOCCS Employees, Attachment A, Staff Allowable Items*. Specifically, when Officer Donna Kobbe conducted a frisk search of your person you were found to be in possession of 2 unapproved copies of the "Final Call" newsletter.

5. On October 11, 2024, at approximately 8:45 a.m., while on duty at Five Points Correctional Facility you failed to follow proper protocol in violation of DOCCS Employees' Manual §2.2, §2.16, §2.23, §2.30, and/or DOCCS Directive #4936, *Search of DOCCS Employees, Attachment A, Staff Allowable Items*. Specifically, you failed to apply for gates passes and complete Form 3084, *Record of Donations – Volunteer Services* for 2 copies of the "Final Call" newsletter."

In assessing this penalty, we note that the prohibition of possessing unauthorized contraband while on facility property is well known to all employees, and the prohibition is continuously reinforced through written communication including reminder signs posted at facility entrances. The Department notes that policy regarding contraband was established in the interest of the Facility safety and security. It should be mentioned that bringing in this unapproved newsletter has been an ongoing issue. You were counseled by Deputy Christina Hill on February 1, 2023, and your misconduct was mentioned in your Performance Evaluation for the time period of September 15, 2019 through September 14, 2020. Your actions are unprofessional and inconsistent with your duties as a New York State Chaplain and brings into question your continued employment with this Department.

As you are aware, you were suspended without pay effective October 11, 2024, pursuant to the Agreement between the State of New York and the Public Employees Federation.

If you wish to dispute the penalty, you may file a disciplinary grievance according to the provisions of the Disciplinary Procedure. In that event, we recommend that you read the procedure, which is Article 33 of the Professional, Scientific and Technical Services Unit Agreement (attached). Such a grievance must be filed with me postmarked no later than (14) fourteen calendar days from the receipt of this notice. If no such grievance is filed, the penalty will take effect at the close of the appeal period.

You are provided two (2) copies of this notice in order that one may be given to your representative. Your union representative is the Public Employees Federation.

**Notice Of Discipline**                                                                     **Page 3**
**Ronald Muhammad, Chaplain**
**Five Points Correctional Facility**                                      **October 15, 2024**

Any further communication with you regarding this matter will be mailed to you at your address on record with Five Points Correctional Facility, which is **817 Post Ave., PO Box 926, Rochester, New York 14619**, unless you request in writing that it be mailed to a different address.

*[signature]*

Matthew Bloomingdale
Director of Labor Relations

Attachment
MB/SG/NR

# Exhibit B

STATE OF NEW YORK PROFESSIONAL,
SCIENTIFIC AND TECHNICAL SERVICES UNIT

PUBLIC EMPLOYEES FEDERATION

-and-

STATE OF NEW YORK
(DOCCS – Five Points CF)

PROBABLE CAUSE
SUSPENSION
DETERMINATION

Grievant: Ronald Muhammad – 10/15/24 Notice of Discipline

BEFORE: Jay M. Siegel, Esq.
Arbitrator

APPEARANCES:

For the Grievant: Jenifer M. Wharton, Esq., Associate Counsel, PEF
For the State: Matthew Bloomingdale – Director, DOCCS Bureau of Labor Relations

Article 33.4(a)(1) of the parties' Collective Bargaining Agreement provides that the appointing authority may "suspend an employee when there is probable cause that such employee's continued presence on the job represents a potential danger to persons or property or would severely interfere with operations."

Pursuant to the June 6, 2023 Memorandum of Agreement (MOA) between the parties, the undersigned Select Arbitrator was asked to review the instant case to determine whether there was probable cause to suspend Grievant without pay pursuant to Article 33.4(a)(1) of the parties' Collective Bargaining Agreement.

Paragraph 2 of the 2023 MOA states that for purposes of this review, the Arbitrator shall accept as true the contents of the NOD and shall limit his review to the reasons the suspension does or does not meet the contractual standard. Paragraph 4 of the MOA permits the parties to submit written arguments to the Arbitrator, which both parties have done.

After carefully considering the Notice of Discipline and the arguments of the parties, the Select Arbitrator hereby determines that probable cause for suspension has not been met. Grievant shall be restored to the payroll or have leave credits restored, as the case may be, retroactive to the date of suspension.

Dated: October 29, 2024
Cold Spring, New York

*Jay M. Siegel*
Jay M. Siegel, Esq.
Select Arbitrator

1

# Exhibit C

Case 6:22-cv-06025-MAV-MJP   Document 120-2   Filed 07/23/25   Page 10 of 14



**Division of Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

Exhibit 6
22-CV-6025

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

RONALD MUHAMMAD,
                              Complainant,

v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
                              Respondent.

DETERMINATION AFTER
INVESTIGATION

Case No.
10211125

Federal Charge No. 16GC101223

On 3/2/2021, Ronald Muhammad filed a verified complaint with the New York State Division of Human Rights ("Division"), charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of creed, opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division has determined that it has jurisdiction in this matter and that **PROBABLE CAUSE** exists to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.

Pursuant to the Human Rights Law, this matter is recommended for public hearing. The parties will be advised of further proceedings.

Dated:    JUN 17 2021
          Rochester, New York

STATE DIVISION OF HUMAN RIGHTS

By: *Julia B Day*
      Julia B. Day
      Regional Director

# Exhibit D

 U.S. Equal Employment Opportunity Commission

# Fair Employment Practices Agencies (FEPAs) and Dual Filing

Many states, counties, cities, and towns have their own laws prohibiting discrimination, as well as agencies responsible for enforcing those laws. We call these state and local agencies "Fair Employment Practices Agencies" (FEPAs). Usually the laws enforced by these agencies are similar to those enforced by EEOC. In some cases, these agencies enforce laws that offer greater protection to workers, such as protection from discrimination because you are married or unmarried, have children or because of your sexual orientation. There also may be different deadlines for filing a charge, different standards for determining whether you are protected by these laws, and different types of relief available to victims of discrimination.

# Who to File a Charge With

You can file your charge with either the EEOC or with a Fair Employment Practices Agency. When an individual initially files with a FEPA that has a **worksharing agreement with the EEOC (https://www.eeoc.gov/fy-2012-eeocfepa-model-worksharing-agreement)**, and the allegation is covered by a law enforced by the EEOC, the FEPA will dual file the charge with EEOC (meaning EEOC will receive a copy of the charge), but will usually retain the charge for processing. If the charge is initially filed with EEOC and the charge is also covered by state or local law, EEOC dual files the charge with the state or local FEPA (meaning the FEPA will receive a copy of the charge), but ordinarily retains the charge for processing.

To determine if there is a FEPA in your area, please see the information for your nearest EEOC field office, which lists the FEPAs in its jurisdictional area.

# Reviewing FEPA Decisions

If a FEPA has a contract with EEOC, a Charging Party may request that the EEOC review the determination of the FEPA. EEOC does not review decisions by non-contract FEPAs. The EEOC will conduct a review only if the request is submitted in writing within fifteen (15) days of receipt of the FEPA's determination. If we receive your request for a review after the 15 day time frame, it will be considered untimely and the EEOC may not conduct a review. The request should also include the reason why the Charging Party is requesting the review (e.g. relevant witnesses not contacted, evidence not considered, or presence of new evidence).

## See Also

- **Fact Sheet: The EEOC and FEPA Data-Sharing (https://www.eeoc.gov/node/133820)**