UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD MUHAMMAD,
                              Plaintiff,

        vs                                                    **MEMORANDUM OF LAW**

                                                              22-CV-6025

ANTHONY ANNUCCI, et. al.,
                              Defendants.

_____

**PRELIMINARY STATEMENT**

Defendant, the New York State Department of Corrections and Community Supervision ("DOCCS") respectfully submit this Memorandum of Law in support of its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff commenced this action by filing a complaint on January 18, 2022. Docket No. 1. On January 24, 2022, Plaintiff filed his first amended complaint. Docket No. 4. On February 17, 2022, Plaintiff filed a second amended complaint. Docket No. 5. In its Order dated February 24, 2022, the Court construed Plaintiff's second amended complaint as the operative complaint. Docket No. 7.

In his second amended complaint, Plaintiff, who works as a chaplain at Five Points Correctional Facility ("Five Points"), alleges that he was subjected to "unlawful religious discrimination" because Defendants refused to allow Final Call newspapers ("Final Call") bring into the Five Points and that Defendants refused to allow Plaintiff to distribute Final call to incarcerated individuals at Five Points. *See* SAC, at page 4-6.

On December 20, 2023, Defendants moved to dismiss the second amended complaint. Docket No. 45. In its Order dated July 29, 2024, the Court denied all claims

1

against Annucci, and the Court only allowed Plaintiff's Equal Protection claims against Titus, Fernandez and Debejian to proceed. Docket No. 52.

On October 21, 2024, Plaintiff filed a motion to amend his second amended complaint, alleging retaliation claims against Defendants, however, Plaintiff failed to file a proposed amended complaint with his motion. Docket No. 80.

Plaintiff supplemented his motion to amend the second amended complaint with a proposed amended complaint on November 5, 2024. *See* Docket Nos. 90, 91.

On November 26, 2024, the Court convened a conference to discuss Plaintiff's motion to amend. Docket No. 94, 97. During the conference the Court pointed out that Plaintiff dropped his Equal Protection claim in his proposed amended complaint (Docket No. 87) and that Judge Geraci had permitted these claims move forward and therefore, Plaintiff should include all claims and relevant facts in any proposed amended complaint. Docket No.  103, at p 4. Plaintiff withdrew his motion to amend the complaint in Docket No 87.

On the same day, immediately after the conference, Plaintiff filed another motion to amend his second amended complaint and included a proposed third amended complaint alleging that the New York State Department of Corrections and Community Supervision ("DOCCS") issued a Notice of Discipline ('NOD") on October 15, 2024, against him in retaliation for filing a complaint and named the DOCCS as the sole Defendant. Docket No. 96.

On January 22, 2025, the Magistrate Judge issued a Report and Recommendation and Decision and Order ("R&R and D&O") permitting Plaintiff's Title VII claim against DOCCS to proceed (Docket No. 111) and on June 6, 2025, the District Court affirmed the

R&R and D&O indicating that Plaintiff's only active claim is Title VII claim against DOCCS (Docket No. 103, at p 11).

On June 20, 2025, Plaintiff then filed another amended complaint alleging a Title VII claims against DOCCS. Docket No. 112.  The Court construed this Amended Complaint as the Operative Complaint (Herein after referred as the "Complaint").

On July 7, 2025, Complaint and exhibits were served upon the DOCCS. In addition to the Complaint, Plaintiff served Exhibit A and B upon the DOCCS. The served Exhibit A is identified as Notice of Discipline issued to Plaintiff on October 15, 2024, and the Exhibit B is identified as the Notice of Discipline and Award May 23, 2025. *See* Domery Declaration.

The Court should dismiss the Plaintiff's Complaint in its entirety because Plaintiff failed to exhaust administrative remedies.

## STATEMENT OF FACTS

In his Complaint, Plaintiff alleges that DOCCS unlawfully retaliated against him by issuing a NOD on October 15, 2024. Docket No. 112, at ¶21. Plaintiff failed to attach a copy of the NOD to his filed Complaint. *See* Docket No. 112. Plaintiff nevertheless filed a NOD with his motion to amend the complaint on November 26, 2024, Docket No. 96 -1 p. 42- 44. Of note, Plaintiff attached NOD as Exhibit A to his Complaint served upon DOCCS on July 7, 2025. *See* Domery Declaration. Therefore, Defendants respectfully submits a copy of the NOD issued to Plaintiff and incorporates the same by reference.[1]

---

[1] Pleadings include not just the four corners of the complaint, but also "'any written instrument attached to it as an exhibit, or any statements or documents incorporated in it by reference.'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995)); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir.2006) (same); *see also* Fed.R.Civ.P.

The said NOD states the following: "If you wish to dispute the penalty, you may file a disciplinary grievance according to the provisions of the Disciplinary Procedure. In that event, we recommend that you read the procedure, which is Article 33 of the Professional; Scientific and Technical Services Unit Agreement/ Such a grievance must be filed with me postmarked no later than (14) fourteen calendar days from the receipt of this notice. If no such grievance is filed, the penalty will take effect at the close of the appeals period." *See* Halliyadde Declaration, at ¶2.

After a hearing before an Arbitrator, Plaintiff was restored to payroll /have credits restored retroactively to the date of the suspension. *See* Docket No. 91, p. 3. Also *see* Halliyadde Declaration, at ¶¶3, 6. Although Plaintiff failed to attach a copy of the Arbitrator's decision with his filed Complaint, he attached the Arbitrator's decision as Exhibit B to the Complaint served upon the DOCCS. *See* Domery Declaration.

Plaintiff does not claim that he filed a complaint with the New York State Division of Human Rights regarding his title VII claim relevant to the issues pertaining to the NOD of October 15, 2024.  Docket No. 112.

Plaintiff also alleges that he timely filed his charge of discrimination on March 2, 2021, <u>approximately three years prior to the alleged NOD issued on October 15, 2024</u>. Docket No. 112, at ¶8. Although Plaintiff refers to a DHR decision, he failed to attach the DHR decision of June 17, 2021, and thus, Defendant submit the DHR decision on the

---

10(c). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies *60 heavily upon its terms and effect,' which renders the document 'integral' to the complaint." Chambers, 282 F.3d at 153 (quoting *Int'l Audiotext*, 62 F.3d at 72). Therefore, extrinsic documents may be considered as part of the pleadings if they either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint.

case No. 10211125 hereto and incorporate the same by reference.[2] The DHR hearing is

still pending with regard to Plaintiff's 2021 complaint to DHR. *See* Halliyadde Declaration,

at ¶4; *See also*, Docket No. 5, at p. 19.

## STANDARD OF REVIEW

Under FRCP Rule 12(b)(6), a defendant may move for dismissal, before service

of responsive pleadings, on the ground of "failure to state a claim upon which relief can

be granted." On such a motion to dismiss, the allegations in the complaint are accepted

as true, and the court must draw all reasonable inferences in favor of the plaintiff. *Thomas*

*v. City of New York*, 143 F.3d 31, 37 (2d Cir. 1998). The court's function is "not to weigh

the evidence that might be presented at trial but merely to determine whether the

complaint is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

In deciding a motion to dismiss, the court may review documents integral to the

complaint upon which the plaintiff relied in drafting his pleadings, as well as any

---

[2] "[A] court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment." *Evans v. New York Botanical Garden*, No. 02 Civ. 3591, 2002 WL 31002814, *4, 2002 U.S. Dist. LEXIS 16434, *11–12 (S.D.N.Y. Sept. 9, 2002); *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir.2000) (complaint is deemed to "include ... documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit"); Court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment. E.g., *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.1986) ("[A] court may take judicial notice of 'records and reports of administrative bodies.' "); *Morelli v. Cedel*, 1997 WL 61499, at *7 (S.D.N.Y. Feb.13, 1997) ("[A]lthough it is not mentioned in the complaint, I note that on February 29, 1996, the [New York State Division of Human Rights] issued a Determination and Order after Investigation which concluded that there was no probable cause to believe that Cedel engaged in an unlawful discriminatory practice."); *see Nickens v. New York State Dep't of Correctional Servs.*, No. 94 Civ. 5425, 1996 WL 148479, at *1 (E.D.N.Y.1996) (holding that court may take judicial notice of EEOC filings).

documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Intl. Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment). When a plaintiff's allegations are inconsistent with or are contradicted by documents that have been incorporated by reference, the documents shall control. *Matsusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002). Finally, the court may consider matters of which judicial notice may be taken, such as public filings and administrative decisions. *See Kavowras v. New York Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (citing, inter alia, *County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 [S.D.N.Y. 2002] [taking judicial notice of NLRB decisions]).

Although a complaint does not need "detailed factual allegations, [it must contain] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks, citations, and alterations omitted). In order to withstand a motion under Rule 12(b)(6), a pleading must assert "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atlantic

Corp., 550 U.S. at 555).

**ARGUMENT**
**I**
**PLAINTIFF'S DISCRIMINATION CLAIMS UNDER TITLE VII MUST BE**
**DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

Plaintiff's discrimination and retaliation claims under Title VII must be dismissed

for failure to exhaust administrative remedies.

Title VII require an individual seeking to file suit to first present the claims forming

the basis of such suit in a complaint to the Equal Employment Opportunity Commission

("EEOC"). *See Francis v. City of New York,* 235 F.3d 763, 768 (2d Cir. 2000); 42 U.S.C.

§ 2000e-5(f)(1); *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (per

curiam) (citing 42 U.S.C. § 2000e-5) (Title VII exhaustion requirement). He or she may

assert in federal court "only those claims that either were included in or are 'reasonably

related to' the allegations contained in her EEOC charge." *Holtz v. Rockefeller & Co., Inc.*,

258 F.3d 62, 83 (2d Cir. 2001); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82-83 (2d

Cir. 2001). In particular, "claims that introduce a 'wholly different type of discrimination'

from that in the administrative charge are typically deemed to be not reasonably related."

*Young v. U.S. Dep't of Homeland Sec.*, No. 10 Civ. 9571, 2011 U.S. Dist. LEXIS 141008,

at *8-9 (S.D.N.Y. Dec. 5, 2011) (quoting *Gutierrez v. City of N.Y.,* 756 F. Supp. 2d 491,

499 (S.D.N.Y. 2010).

**A. PLAINTIFF FAILED TO FILE A COMPLAINT WITH DHR WITH REGARD TO THE ALLEGED NOD ISSUED ON OCTOBER 15, 2024:**

Although Plaintiff alleges that he was discriminated against by issuing a NOD on October 15, 2024, Plaintiff does not claim that he filed a complaint with DHR regarding the alleged NOD issued to him on October 15, 2024. Dkt. No. 112. In fact, Plaintiff never filed a complaint with the DHR or appealed to the EEOC with regard to the NOD issued on October 5, 2024.

It is clear that at the time Plaintiff filed the initial complaint or even at the time he filed the operative Complaint, Plaintiff did not have the right to sue letter from the EEOC with regard to the alleged discrimination, arbitrary practice or alleged NOD issued on October 15, 2024. Dkt. No. 112, at ¶¶9, 10. Therefore, Plaintiff filed the Title VII claim without first exhausting his administrative remedies. The EEOC has exclusive control over the discrimination claims. Title VII claims can only be brought in court after a timely filing with the EEOC or requesting a review of DHR's decision by EEOC, and <u>after receiving a right-to-sue letter</u>. *See* 42 USC 2000e-5(e); *see also McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir.2006) (citing 42 U.S.C. § 2000e–5(f)(1)) ("Under Title VII and the ADEA, a plaintiff can sue in federal court only after filing timely charges with the EEOC."). In the Second Circuit, obtaining a right-to-sue letter is a precondition to bringing a Title VII. *See Holland v. City of New York*, No. 10 CIV. 2525 PKC RLE, 2011 WL 6306727 (S.D.N.Y. Dec. 16, 2011). In *Holland*, the district court dismissed plaintiffs Title VII, ADA and ADEA claims because plaintiff failed to allege in her complaint that she obtained the right-to-sue letter.

In this case, first Plaintiff does not have a right-to sue letter at the time he filed the initial complaint alleging an employment discrimination claim under Title VII. Next, at the

time Plaintiff filed the operative Complaint against the sole Defendant DOCCS for issuing

NOD on October 15, 2024, Plaintiff did not have the right-to sue letter from EEOC and in

particular, Plaintiff does not claim that he ever filed a complaint with the DHR regarding

the NOD issued to him on October 15, 2024. Docket No. 112. The EEOC retained

exclusive control over the retaliation and discrimination claims. Therefore, this Court must

dismiss Plaintiff's Title VII claim as he failed to exhaust administrative remedies.

**B. DHR HEARING IS STILL PENDING WITH REGARD TO PLAINTIFF'S COMPLAINT TO DHR ON MARCH 2, 2021.**

All what Plaintiff has done was filing a complaint with DHR on March 2, 2021, three

years prior to the NOD issued on October 15, 2024. The DHR decision dated June 17,

2021, indicates that the matter is recommended for a public hearing. *See* Halliyadde

Declaration, at ¶4, Exhibit C. Therefore, DHR hearing is still pending with regard to

Plaintiff's 2021 complaint to DHR, but instead is seeking additional relief here in federal

court before completing the hearing process in the DHR. Accordingly, it is clear that there

was no appeal to the EEOC even with regard to Plaintiff's complaint to DHR in 2021.

Therefore, there was no right to sue letter from the EEOC for Plaintiff to initiate a Title VII

action against DOCCS with regard to the NOD issued on October 15, 2024.

Plaintiff's relying on DHR and EEOC workshare agreement to state that Plaintiff

filed a complaint with DHR in 2021 and that deem sufficient for the EEOC to issue a right

to sue letter and thus, exhausted administrative remedies. Dkt. No. 112, at ¶8. This is not

accurate. While Plaintiff's filing a complaint with DHR in 2021 deem filing the complaint

with the EEOC, that does not sufficient for the EEOC to investigate and issue a right to

sue letter. *See* Halliyadde Declaration, at ¶5, Exhibit D. The EEOC clarifying the Fair

Employment Practices Agencies and Dual Filing process states that "If a FEPA has a

contract with EEOC, a Charging Party may request that the EEOC review the determination of the FEPA. EEOC does not review decisions by non-contract FEPAs. The EEOC will conduct a review only if the request is submitted in writing within fifteen (15) days of receipt of the FEPA's determination. If we receive your request for a review after the 15 day time frame, it will be considered untimely and the EEOC may not conduct a review. The request should also include the reason why the Charging Party is requesting the review (e.g. relevant witnesses not contacted, evidence not considered, or presence of new evidence)[3]. *See* Halliyadde Declaration, at ¶5, Exhibit D.

Here, in this matter, there is a workshare agreement between the DHR and the EEOC. The DHR determination with regard to Plaintiff's 2021 complaint indicates that the matter is referred to a public hearing which is still pending. Halliyadde Declaration, at ¶4, Exhibit C. Therefore, there was no right-to sue letter issued by EEOC regarding Plaintiff's 2021 complaint to the DHR. *See* Dkt. No. 112.

It is abundantly clear that Plaintiff's 2021 complaint to DHR is still pending, and he failed to file a complaint with the DHR regarding the NOD issued to him on October 15, 2024. Plaintiff has no wright-to sue letter from EEOC at the time he filed the Complaint. Therefore, Plaintiff's Title VII claim must be dismissed for failure to exhaust administrative remedies prior to filing this action.

---

[3] Because Plaintiff indicates that his filling with DHR is simultaneously filed with the EEOC and because Plaintiff claims that he does not have to file a separate appeal to EEOC, Defendants submit EEOC Fair Employment Practices Agencies (FEPAs) and Dual Filing information and request the Court to take judicial notice of the same: https://www.eeoc.gov/fair-employment-practices-agencies-fepas-and-dual-filing (last visited on 7/10/25).

**CONCLUSION**

For the reasons set forth above, Plaintiff's lawsuit should be dismissed in its entirety.

Date: July 23, 2025
    Rochester, New York

                                        LETITIA JAMES
                                        Attorney General of the State of New York
                                        Attorney for Defendants

                                         s/*Muditha Halliyadde*
                                        Muditha Halliyadde
                                        Assistant Attorney General, of Counsel
                                        NYS Office of the Attorney General
                                        144 Exchange Boulevard, Suite 200
                                        Rochester, New York 14614
                                        Telephone: (585) 546 7430
                                        Muditha.Halliyadde@ag.ny.gov

## CERTIFICATE OF SERVICE BY MAIL

I certify that on July 23, 2025, I electronically filed the foregoing Memorandum of

Law on behalf of Defendant with the Clerk of the District Court using CM/ECF system.

N/A

And, I hereby certify that I have also mailed, by the United States Postal Service,

the document to the following non-CM/ECF participant(s):

Ronald Muhammad
817 Post Avenue
Rochester, NY 14619
PRO SE


LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*


 s/*Muditha Halliyadde*
Muditha Halliyadde
Assistant Attorney General, of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone: (585) 546-7430
Muditha.Halliyadde@ag.ny.gov